## APPEAL OF R. P. HAZZARD CO.

Docket No. 4038.    Submitted February 5, 1926.    Decided June 21, 1926.

> In the case of an appeal pending before the Board at the time the Revenue Act of 1926 became effective, in which the only allegation of error related to a year for which no deficiency had been determined, *held*, that the Board is without jurisdiction under the 1926 Act to determine whether an overpayment of tax has been made for such year which may be applied to reduce a deficiency for another year.

*Henry Herrick Bond*, *Esq.*, for the petitioner.
*Ward Loveless*, *Esq.*, for the Commissioner.

Before GRAUPNER [1] and PHILLIPS.

PHILLIPS: The taxpayer appeals from the determination of a deficiency in income and profits taxes for 1918 amounting to $8,677.62, which determination was evidenced by a notice of deficiency mailed by the Commissioner to the taxpayer on March 12, 1925. The petition was filed with the Board on May 8, 1925. The petition alleges the following error:

By letter dated February 14, 1925, a copy of which is hereto annexed, the Commissioner determined an overassessment for the years 1919 and 1920. In the determination of the 1919 tax the Commissioner has refused to allow the taxpayer a certain deduction for commissions. The taxpayer claims that the payment of this commission was a proper expense and deductible under the provisions of the Revenue Act of 1918 from its income of 1919, and that had such deduction been allowed, the overassessment for 1919 would have been increased.

It further contends that it is entitled to take the overassessment for 1919 as a credit against the 1918 tax, there being no other outstanding taxes against this company claimed by the government and that thereby its tax for the year 1918 would have been reduced and the deficiency would have been less in amount.

The deficiency notice of March 12, 1925, determined a deficiency for the year 1918 of $8,677.62 in income and profits taxes. It determined no deficiency or overassessment for 1919 or 1920. The letter of February 14, 1925, referred to in the petition, reads as follows:

The determination of your income and profits tax liability for the years 1918, 1919 and 1920, pursuant to an examination of your books of account and records as set forth in office letter, dated May 12, 1924, discloses a deficiency in tax of $8,677.62 for the year 1918, and overassessments for the years 1919 and 1920, aggregating $4,093.66, as shown in the attached statement.

If you acquiesce in this determination you are requested to sign the enclosed agreement consenting to the assessment thereof and forward it to the Commissioner of Internal Revenue, Washington, D. C., for the attention of IT: CA: 2113-5.

---

[1] This decision was prepared during Mr. Graupner's term of office.

A period of fifteen days from the date of this letter will be granted you within which to indicate your wishes relative to the above.

The Commissioner moved to dismiss the appeal upon the ground that the deficiency letter from which the appeal was taken related solely to the year 1918 and that the only issue presented was with respect to a refund for the year 1919. This came on for hearing before a Division of the Board and was denied. Thereafter, the appeal came on for hearing on the merits and the motion to dismiss for lack of jurisdiction in the Board was renewed, a ruling upon such motion was reserved, and the evidence taken. The appeal was submitted on February 5, 1926. Subsequently, on February 26, 1926, and before this appeal was decided, the Revenue Act of 1926 became effective. That Act provides:

Sec. 1000. Title IX of the Revenue Act of 1924 is amended to read as follows: * * *

Sec. 904. The Board and its divisions shall have such jurisdiction as is conferred on them by Title II and Title III of the Revenue Act of 1926 or by subsequent laws. * * *

Sec. 274. (g) The Board in redetermining a deficiency in respect of any taxable year shall consider such facts with relation to the taxes for other taxable years as may be necessary correctly to redetermine the amount of such deficiency, but in so doing shall have no jurisdiction to determine whether or not the tax for any other taxable year has been overpaid or underpaid.

Irrespective of the question whether the Board had jurisdiction of this appeal under the provisions of the Revenue Act of 1924, there would seem to be no question at the present time that the Board has no jurisdiction under the 1926 Act to determine whether there has been an overpayment of taxes for 1919 and 1920 which can be applied to reduce the deficiency for 1918. The appeal must be dismissed for want of jurisdiction in the Board.

> *Order of dismissal for want of jurisdiction*
> *will be entered accordingly.*