## APPEAL OF CHENEY D. WASHBURN.

Docket No. 2475. Promulgated June 23, 1927.

1. Petitioner filed returns of income for the fiscal years ended June 30, 1919, 1920, 1921, 1922, and 1923, on the due dates for filing calendar year returns. The returns bore notations indicating they were fiscal year returns. The income reported in these returns was the income earned during the respective fiscal years. The taxes shown on the returns by the petitioner were computed as though they were calendar year returns. *Held,* that the returns referred to were returns of the fiscal years 1919, 1920, 1921, 1922, and 1923; and that the Commissioner, in determining the deficiency in, or overassessment of, taxes for those years, properly credited the tax shown by the petitioner on each fiscal year return against the correct tax of the respective fiscal years.

2. The Commissioner having determined an overassessment for the year 1919, the Board is without jurisdiction of the issues raised for that year. *Appeal of Cornelius Cotton Mills,* 4 B. T. A. 255; *Appeal of R. P. Hazzard Co.,* 4 B. T. A. 150.

3. The 25 per cent penalty for delinquency in filing the return for the fiscal year 1920, asserted by the Commissioner under the provisions of section 3176 of the Revised Statutes, as amended by section 1317 of the Revenue Act of 1918, and covered by the petitioner by a claim in abatement, represents a previous deficiency assessment, within the purview of section 273 of the Revenue Act of 1926, and the Commissioner erred in failing to take into account the amount of the penalty previously assessed, in determining the deficiency in, or overassessment of, tax for the fiscal year 1920.

*John F. Malley, Esq.*, for the petitioner.
*Robert A. Littleton, Esq.*, for the Commissioner.

This appeal is from a determination of deficiencies in income taxes for the fiscal years 1920, 1921, 1922, and 1923, in the amounts of $268.78, $178.12, $924.12, and $37.96, respectively.

### FINDINGS OF FACT.

Petitioner is a resident of Springfield, Mass., where he is engaged in the undertaking business. During the fiscal years under consideration, and for several years prior thereto, he computed his net income upon the basis of an annual accounting period which was a fiscal year ending on June 30.

The returns for the taxable years 1917 and 1918 were filed as returns for the calendar years 1917 and 1918 but the income reported in those returns was, respectively, the income earned during the fiscal years ended June 30, 1917, and June 30, 1918.

The returns for the taxable years 1919 to 1923, inclusive, were filed as returns for the fiscal years ended June 30, 1919, 1920, 1921, 1922, and 1923. The income reported in each of these returns was the income earned during the respective fiscal years.

The taxes shown on the returns filed for the calendar years 1917 and 1918, and actually paid, were computed at the rates prescribed by the statutes for those particular calendar years; that is to say, the tax shown on the return for the calendar year 1917, and actually paid, was computed at the rates prescribed by the Revenue Act of 1917 for the calendar year 1917, and the tax shown on the return for the calendar year 1918, and actually paid, was computed at the rates prescribed by the Revenue Act of 1918 for the calendar year 1918.

The taxes shown on each of the returns for the fiscal years 1919 to 1921, inclusive, and for the fiscal year 1923, and actually paid, were computed at the rates prescribed by the Revenue Acts of 1918 and 1921 for the respective calendar years in which the fiscal years ended; that is to say, that the tax shown on the return for the fiscal year 1919, and actually paid, was computed at the rates prescribed by the Revenue Act of 1918 for the calendar year 1919, and so on for the succeeding fiscal years. A return showing no tax due was filed for the fiscal year 1922.

The taxes shown to be due on the returns for the taxable years 1917 to 1923, inclusive, are as follows:

| | |
|---|---|
| Calendar year 1917 | $523.29 |
| 1918 | 3,322.63 |
| Fiscal year 1919 | 3,733.82 |
| 1920 | 4,262.32 |
| 1921 | 1,220.17 |
| 1922 | 00.00 |
| 1923 | 149.36 |

On the May, 1921, List, at page 82, line 2, as shown by the certificate of the collector of internal revenue at Boston, Mass., which certificate was admitted in evidence as petitioner's Exhibit No. 1, there was assessed additional income tax for the year 1918 in the amount of $574.91, which amount was paid on September 1, 1921.

On the December, 1923, List, at page 32, line 3, as shown by the certificate of the collector, there was assessed additional income tax for the year 1919 in the amount of $505.13, which amount was paid on January 11, 1924. Said certificate further shows a debit against the petitioner's account in the collector's accounts, which in terms and figures is stated to be "Add'l. per Dept. Superficial Audit—$1,065.58." This item has not been paid but was covered by a claim for abatement for the full amount thereof which was filed on May 6, 1922, and with respect to which claim the Commissioner, up to the time the appeal was submitted, had taken no action. The only evidence in the record tending to show the nature of, or the reasons for, these two additional assessments is the following quotation from the revenue agent's report:

On October 27, 1923, the taxpayer was notified that an additional tax of $505.13 was due for the fiscal year ended June 30, 1919. The additional tax was based on the fact that the Bureau decided the return was a fiscal year ended June 30, 1919, instead of a calendar year 1919, and computed the tax under the rates for 1918 and 1919. The taxpayer paid this amount.

In May, 1922, the taxpayer was notified by the collector that there was an additional assessment of 1/4 of the tax for the year 1920, or $1,065.58. This amount was based on the fact that the taxpayer's return was received on March 12, 1921, for the fiscal year ended June 30, 1920, and it was therefore, delinquent. The taxpayer protested this assessment and filed an affidavit mentioned above explaining that he had relied upon what he had considered competent advice. Nothing has been done further about this assessment, and it is believed the taxpayer's explanation was satisfactory and the penalty was not asserted.

The revenue agent's report does not cover any year prior to the fiscal year ended June 30, 1919. With respect to the latter year and years subsequent thereto, the report shows a deficiency or overassessment for each year as follows:

*Year ended June 30, 1919*

| | | |
|---|---:|---:|
| Total tax liability for the year | | $4,041.89 |
| Deduct tax previously assessed: | | |
| One-half of $3,322.63 assessed for 1918 | $1,661.31 | |
| One-half of $4,238.95 assessed for 1919 | 2,119.47 | |
| | | 3,780.78 |
| Deficiency | | 261.11 |

*Year ended June 30, 1920*

| | | |
|---|---:|---:|
| Total tax liability for the year_____ | | $4,531.10 |
| Deduct tax previously assessed: | | |
| One-half of $4,238.95 assessed for 1919_____ | $2,119.48 | |
| One-half of $4,262.32 assessed for 1920_____ | 2,131.16 | |
| | | 4,250.64 |
| Deficiency _____ | | 280.46 |

*Year ended June 30, 1921*

| | | |
|---|---:|---:|
| Total tax liability for the year_____ | | $1,398.27 |
| Deduct tax previously assessed: | | |
| One-half of $4,262.32 assessed for 1920_____ | $2,131.16 | |
| One-half of $1,220.17 assessed for 1921_____ | 610.09 | |
| | | 2,741.25 |
| Overassessment_____ | | 1,342.98 |

*Year ended June 30, 1922*

| | |
|---|---:|
| Total tax liability for the year_____ | $944.12 |
| Deduct tax previously assessed: One-half of $1,220.17 assessed for 1921_____ | 610.08 |
| Deficiency_____ | 334.04 |

*Year ended June 30, 1923*

| | |
|---|---:|
| Total tax liability for the year_____ | $199.98 |
| Deduct tax previously assessed_____ | 149.36 |
| Deficiency_____ | 50.62 |

The Commissioner rejected the revenue agent's computations of the deficiency or overassessment for each year, and forthwith redetermined the deficiency or overassessment for each year in the following manner:

*Year ended June 30, 1919*

| | |
|---|---:|
| Correct tax liability as shown by revenue agent's report_____ | $4,041.89 |
| Less tax assessed on calendar year return_____ | 4,238.95 |
| Overassessment _____ | 197.06 |

*Year ended June 30, 1920*

| | |
|---|---:|
| Correct tax liability as shown by revenue agent's report_____ | $4,531.10 |
| Less tax assessed on calendar year return_____ | 4,262.32 |
| Deficiency in tax _____ | 268.78 |

*Year ended June 30, 1921*

| | |
|---|---:|
| Correct tax liability as shown by revenue agent's report_____ | $1,398.27 |
| Less tax assessed on calendar year return_____ | 1,220.17 |
| Deficiency in tax_____ | 178.10 |

### Year ended June 30, 1922

| | |
|---|---:|
| Tax liability as shown by revenue agent's report | $944. 12 |
| Less error in surtax at 1922 rates | 20. 00 |
| Correct tax liability | 924. 12 |
| Less tax assessed | 0. 00 |
| Deficiency in tax | 924. 12 |

### Year ended June 30, 1923

| | | |
|---|---:|---:|
| Tax liability as shown by revenue agent's report | | $199. 98 |
| Less 25 per cent reduction under the 1924 Act | | 50. 00 |
| Correct tax liability | | 149. 98 |
| Less tax assessed on return | $149. 36 | |
| Less 25 per cent reduction | 37. 34 | |
| | | 112. 02 |
| Deficiency in tax | | 37. 96 |

No credit has been allowed by the revenue agent or the Commissioner, in their respective computations of the deficiency in tax for the fiscal year ended June 30, 1920, for the item of $1,065.58 assessed as a penalty against the taxpayer for that year, for delinquency in filing the return. Full credit has been allowed for the additional assessment of $505.13 for the year 1919.

The result of the revenue agent's computations for the fiscal years 1919 to 1923 is a net overassessment of $416.75. The Commissioner's computations for the same years result in showing a net deficiency of $1,211.90. The difference is $1,628.65, which is made up as follows:

| | | |
|---|---:|---:|
| Credit by revenue agent of one-half of taxes assessed on 1918 calendar year return against tax liability of fiscal year ended June 30, 1919, not allowed by Commissioner | | $1, 661. 31 |
| Add 25 per cent reduction in credit allowed by Commissioner for taxes assessed on return for fiscal year 1923 | | 37. 34 |
| Total | | 1, 698. 65 |
| Deduct: | | |
| Error in revenue agent's computation of surtaxes for fiscal year 1922 | $20. 00 | |
| Reduction in tax liability made by Commissioner for fiscal year 1923 | 50. 00 | |
| | | 70. 00 |
| Total | | 1, 628. 65 |

In a so-called thirty-day letter to the petitioner under date of September 27, 1924, which letter has been admitted in evidence as Commissioner's Exhibit "A," the Commissioner explained the reason for the difference noted above between his determination of a net defi-

ciency and the revenue agent's determination of a net overassessment, as follows:

In determining the deficiency in tax, and the overassessment for the respective years 1919 to 1922, the Agent allowed as credits against the correct tax liability, one-half of the sum of the total tax assessed for the current years, and the preceding years respectively. Since the adjustments of income reported in your return are not due to any changes in accounting period, but due to errors in compiling the correct figures, the taxes assessed for each calendar year should be allowed as a credit against the correct tax liabilities for each respective fiscal year.

#### OPINION.

GREEN : The petitioner alleges as errors the following :

(1) That the Commissioner, in determining the deficiency in, or overassessment of, taxes for each of the fiscal years 1919 to 1922, inclusive, has erroneously credited against the tax liability of each of those years, the assessments made against this petitioner for the particular calendar year in which the fiscal year ended.

(2) Failure of the Commissioner to allow proper credits for the additional assessment of $574.91 for the taxable year 1918, and the asserted penalty of $1,065.58 for delinquency in filing the return for the year 1920.

The petitioner accepts as correct the tax liability for each of the fiscal years 1919 to 1923, inclusive, as determined by the Commissioner.

With respect to the first allegation of error, the petitioner contends that because of the Commissioner's action in crediting against the correct tax liability of the fiscal years 1919, 1920, 1921, and 1922, respectively, the taxes assessed for the calendar years 1919, 1920, 1921, and 1922, he has been deprived of a credit of $1,661.31, which amount is one-half of the taxes originally assessed and paid by him on the basis of the return for the calendar year 1918. He further contends that a proper determination of the deficiency or overassessment for each of the fiscal years under consideration would result by crediting against the tax liability for each of the fiscal years one-half of the tax assessed for the calendar year immediately preceding that in which the fiscal year ends plus one-half of the tax assessed for the calendar year in which the fiscal year ends.

It appears that the petitioner's contentions are based in part upon the false presumption that the returns for the taxable years 1919 to 1922, inclusive, were filed as calendar year returns. The evidence shows conclusively that those returns were filed as returns for fiscal years. The returns bear notations that they are fiscal year returns, and the income reported in each of them is the net income earned during the respective fiscal years. True, these returns were not filed until the due dates for filing calendar year returns, and the taxes shown thereon were computed at the rates prescribed for the calendar

years as set forth in our findings of fact. But these facts of themselves do not make these returns calendar year returns, but are indicative only of the delinquency of the petitioner in filing them and of the error of his computations of the taxes due.

In view of the foregoing we are constrained to hold that the Commissioner, in determining the deficiency in, or overassessment of, taxes for the fiscal years 1919 to 1922, inclusive, quite properly credited against the tax liability of each of those years, the taxes assessed on the original returns of the respective fiscal years.

But the petitioner contends that the Commissioner, in reaching a determination as to the overassessment for the fiscal year 1919, should have credited against the tax liability of that year, not only the taxes assessed with respect thereto, but also one-half of the taxes assessed on the return for the calendar year 1918, and that if this had been done the resulting overassessment for the taxable year 1919 would be greater than that which the Commissioner has determined, and the deficiency would be correspondingly less. Whether this be true or not, it raises a question which is without the jurisdiction of this Board, since, under the provisions of section 274(a) of the Revenue Act of 1926, the Board is without jurisdiction to change the Commissioner's determination of overassessments for any year. *Appeal of Cornelius Cotton Mills*, 4 B. T. A. 255; *Appeal of R. P. Hazzard Co.*, 4 B. T. A. 150; *Jay N. Darling* v. *Commissioner*, 4 B. T. A. 499.

With respect to the second issue raised by the petitioner, it is alleged that the Commissioner has failed to allow proper credits for the additional assessment of $574.91 for the taxable year 1918, and for the asserted penalty of $1,065.58 for delinquency in filing the return for the taxable year 1920. Whether or not proper credit has been allowed for the additional assessment of $574.91 with respect to 1918, is material only in determining whether or not there has been an overpayment of taxes for the short period January 1 to June 30, 1918, which may be credited against the deficiency which the Commissioner has determined for the years under consideration. This too is a question as to which we are denied jurisdiction by the provisions of section 274(g) of the Revenue Act of 1926.

The additional assessment of $1,065.58, for the fiscal year 1920, is a penalty asserted by the Commissioner, under the provisions of section 3176 of the Revised Statutes, as amended by section 1317 of the Revenue Act of 1918, for delinquency in filing the return. Section 3176 of the Revised Statutes provides that the 25 per cent penalty to be added for delinquency in filing the return is to be collected at the same time and in the same manner and as a part of the tax. In computing the total tax liability for 1920, in the deficiency notice, the Commissioner did not include a penalty for

delinquency; consequently, we must take it for granted that the Commissioner has determined that the delinquency penalty should not be asserted. The only question, then, is: In computing the deficiency for 1920, should the Commissioner have taken into consideration and credited against the total tax liability, the amount previously assessed as a penalty? Undoubtedly the question should be answered in the affirmative. The penalty for delinquency is assessed, collected, and paid in the same manner as, and as a part of, the tax; and, therefore, when asserted, is assessed as a deficiency in tax. The term "deficiency" is defined in section 273 of the Revenue Act of 1926 as the amount by which the correct tax exceeds the tax shown on the return; but the tax shown on the return is to be first increased by any amounts previously assessed or collected without assessment as a deficiency, and decreased by amounts previously abated, credited, refunded, or otherwise repaid. The deficiency for 1920 is the amount by which the total tax shown in the deficiency notice exceeds the amount shown by the petitioner on its return, plus the amount previously assessed as a penalty. Since the Commissioner did not take into account the amount previously assessed as a penalty, and as said amount exceeds the deficiency shown in the deficiency notice, there is no deficiency for 1920.

> *Judgment will be entered after 15 days' notice, under Rule 50.*