WARREN REILLY, PETITIONER, v. COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 5380. Promulgated September 7, 1927.

Petitioner is entitled to return its income from installment sales
by the use of the installment method as prescribed by subdivision
(d) of section 212 of the Revenue Act of 1926.

*P. G. Sheehy, Esq.*, and *John H. Riordan, Esq.*, for the petitioner.
*Donald D. Shepard, Esq.*, for the respondent.

This is a proceeding for the redetermination of a deficiency in
income tax for the year 1919 in the amount of $668.97, and over-
assessments for the years 1920 and 1921, in the amounts of $41.93
and $142.50, respectively. The issues are: (1) Whether the net in-
come of the partnership of which the petitioner is a member should
be computed on the installment basis; and (2) the right of husband
and wife, domiciled in California, to file separate returns, each
reporting one-half of the community income.

### FINDINGS OF FACT.

Petitioner is a citizen of the United States and a resident of Cali-
fornia. During the years 1919, 1920, and 1921, he was a married
man; and the returns which he filed for those years were joint
returns for himself and his wife.

During the years involved in this appeal petitioner was a member
of the copartnership of Robinson & Sons Co., in which he owned
a one-half interest. The partnership was regularly engaged in sell-
ing furniture, and household furnishings, and equipment on the
installment plan. Sales were also made for cash and on open ac-
count. From 40 to 50 per cent of the total sales made in each year
were on the installment plan.

In the case of sales on the installment plan, the purchasers exe-
cuted a conditional sales contract which provided, among other
things, that title to the property described therein remained in the
vendor until full payment was made. The initial payments were
usually from 20 to 25 per cent of the selling price of the goods; but
some sales were made with a smaller initial payment, if the pur-
chaser was known to be reliable and the monthly payments large.
The deferred payments were often extended over periods of 18
months to 2 years.

A cash discount of 10 per cent was allowed to purchasers who
purchased for cash, and on open account if payment was made within
the required time.

The partnership maintained a ledger account with each purchaser of goods on the installment plan.  Upon execution of a conditional sales contract, the purchaser's account was charged with the full purchase price of the goods and credited with the initial payment. Thereafter, the account was credited with the deferred payments as and when made.

The partnership's books of account were maintained upon the accrual basis.  Prior to 1919, all installment sales were treated as closed and completed transactions of the year in which made.  At the close of the years 1919, 1920, and 1921, there were charged against profit and loss and credited to unpaid profit account, the amounts of $7,000, $6,300, and $3,100, respectively, representing certain percentages of the estimated deferred payments on installment sales remaining unpaid at the close of each year.  The amounts charged against profit and loss and set aside to unpaid profits account for the years 1919 and 1920 were added to the income of the years 1920 and 1921, respectively.

The gross sales, the cost of goods sold, the gross profit, and the percentage which the gross profit is of the gross sales, for the years 1918 to 1921, inclusive, as shown by the partnership's books of account, are as follows:

|  | 1918 | 1919 | 1920 | 1921 |
|---|---|---|---|---|
| Gross sales | $118,334.13 | $214,537.47 | $217,487.96 | $174,910.95 |
| Cost of goods sold | 74,644.95 | 124,985.94 | 132,451.86 | 106,943.58 |
| Gross profit | 43,689.18 | 89,551.53 | 85,036.10 | 67,997.37 |
| Percentage of gross profit | 36.9202 | 41.7417 | 39.0902 | 38.8698 |

The deferred payments on installment sales unpaid at the close of the years 1919, 1920, and 1921, and the years in which the sales, to which such deferred payments related, were made, are as follows:

|  | Year in which sales were made | | | | Total |
|---|---|---|---|---|---|
|  | 1918 | 1919 | 1920 | 1921 |  |
| Deferred payments unpaid at close of 1919 | $585.05 | $9,976.55 |  |  | $10,561.60 |
| Deferred payments unpaid at close of 1920 | 36.10 | 457.05 | $12,450.23 |  | 12,943.41 |
| Deferred payments unpaid at close of 1921 |  | 40.95 | 1,193.06 | $12,691.63 | 13,925.64 |
| Total | 621.15 | 10,474.55 | 13,643.32 | 12,691.63 | 37,430.65 |

OPINION.

MORRIS: The Commissioner has determined overassessments for the years 1920 and 1921; hence, we are without jurisdiction to determine the issues pertaining to these years.  *Appeal of R. P. Hazzard Co.*, 4 B. T. A. 150; *Appeal of Cornelius Cotton Mills*, 4 B. T. A. 255.

The question of the right of husband and wife, domiciled in the State of California, to file separate returns, each reporting one-half of the community income, has already been decided adversely to the petitioner and the determination of the Commissioner in that respect is therefore approved. *Appeal of D. Cerruti*, 4 B. T. A. 682.

The petitioner contends that as the partnership of Robinson & Sons Co. was, during the years involved in this appeal, regularly engaged in the sale of personal property on the installment plan, the income of the partnership from installment sales should be computed in accordance with the provisions of section 212 (d) of the Revenue Act of 1926. The Commissioner opposes this contention for reasons which are not clear in the record.

The right of a taxpayer, who regularly sells or otherwise disposes of personal property on the installment plan, to return its income from installment sales in accordance with the installment sales method, as laid down in the statute, is established by the provisions of section 212 (d) of the Revenue Act of 1926, which is to be applied retroactively under section 1208 of the same Act; and as the partnership of Robinson & Sons Co. did, during the years involved in this appeal, regularly sell personal property on the installment plan, it is entitled, if it so elects, to have its income from installment sales computed in accordance with the provisions of section 212 (d), for the purpose of determining the distributive shares of the partners, provided its books of account were kept in such a manner that adequate data are available therefrom upon which an accurate computation of income, upon the installment basis, may be predicated. *L. S. Weeks Co. v. Commissioner*, 6 B. T. A. 300.

Petitioner concedes that the income from installment sales is not correctly reflected on the partnership books, because of the method used in computing such income. It contends, however, that the income from installment sales, for 1919, can be correctly determined in accordance with the installment sales method of computing income, and suggests the following as a proper determination:

### Computation of gross profit for 1918

| | |
|---|---|
| Gross sales (cash, open account, and installment) | $118, 334. 13 |
| Cost of all goods sold | 74, 644. 95 |
| Gross profit on all sales for 1918 | 43, 689. 18 |
| Percentage of gross profit (gross profit divided by sales) | 36. 9 |

### Computation of gross income for 1919

| | |
|---|---|
| Gross sales (cash, open account, and installment) | $214, 537. 47 |
| Cost of all goods sold | 124, 985. 94 |
| Gross profit on all sales for 1919 | 89, 551. 53 |

Percentage of gross profit (gross profit divided by sales) _____     41. 7
Installment accounts receivable at close of 1919:
    On sales made in 1918_____     585. 05
    On sales made in 1919_____   9, 976. 55

Unrealized profits in installment accounts receivable at close of
1919:
    On sales made in 1918 (36.9% of $585.05) _____     215. 88
    On sales made in 1919 (41.7% of $9,976.55) _____   4, 160. 22

      Total unrealized profits at close of 1919_____   4, 376. 10

      Gross income for 1919 (gross profit less unrealized profits)__   85, 175. 43

The gross income of $85,175.43, as above computed, represents the gross profit on cash and open account sales made in 1919 plus that proportion of the installment payments actually received in the year, on installment sales made in 1919, which the total profit realized or to be realized, when payment is completed for all sales, cash and open account as well as installment, bears to the total sales price of all sales made during the year. The chief objection to the computation of income by the above method is that no accounting is made of the profits included in the installment collections of the year, on installment sales of prior years, although the unrealized profit, at the close of 1919, in the then unpaid installment contracts of prior years, is deducted from income of 1919 which includes only the income from sales made in that year. This leads us to believe, though not so shown in the record, that the petitioner, having made the change from the straight accrual basis to the installment sales method of returning income in 1919, is assuming that all installment sales, prior to 1919, having been treated as closed and completed transactions in the years in which made and the income therefrom having been returned for the purposes of the tax in those years, the income from such installment sales of prior years is not again to be returned and subjected to the tax in the years in which actually collected. If this be true, then by this method of computing income the same incongruous results are obtained which we so severely criticized in the *Appeal of B. B. Todd, Inc.,* 1 B. T. A. 762.

It is a cardinal principle of the taxing statutes that the method of accounting employed shall clearly reflect the income; and a taxpayer may not compute its income partly on one basis and partly on another, as it is apparent is contemplated by the suggested method, for the very reason that income is not thereby clearly reflected. To treat the collections made during the year, on installment sales of prior years, as income for the years in which such sales were made, while at the same time returning as income for 1919 only the profits upon the sales made in that year which are actually reduced to possession, is, in effect, an accounting for the income on

sales of prior years on the accrual basis, and for the income on sales made in 1919 on the installment sales basis. Both methods can not be used in computing the income of one year; one must give way to the other. Thus we said in the *Todd* appeal: " To report, however, upon a basis which considers only the profit upon the business entered into during a year which is actually reduced to possession in cash, and to exclude all business of prior years reduced to possession in cash, at the same time deducting as expenses all accrued obligations, is to destroy all relationship between the true net income and the income reported for taxation."

It being admitted that profits from installment sales are taxable income within the meaning of the taxing statutes, we think that the method of accounting employed in computing the income, if such method is permitted by statute, is determinative of the question as to when the income from installment sales is to be accounted for. If a taxpayer changes from the straight accrual basis to the installment sales basis of returning income, all items of income must be treated consistently under the new basis adopted, and all profit reduced to possession in cash during the year in which the change is made, notwithstanding that a portion thereof applies to sales of prior years and has been returned for taxation in those years, must be returned as income of the year in which reduced to possession.

Subject to modification as above indicated, we see no reason why the method suggested by the petitioner may not be adopted for the purpose of computing income for the year 1919. When modified as above indicated, the petitioner's gross income will be an amount obtained by adding to the gross profit on the total cash, open account, and installment sales of the year, the unrealized profit in the unpaid installment contracts at the beginning of the year, and deducting the unrealized profit in the unpaid installment contracts at the close of the year. See *Appeal of Blum's, Inc.*, 7 B. T. A. 737.

Reviewed by the Board.

*Judgment will be entered on 15 days' notice, in accordance with Rule 50.*