MRS. C. H. ROBINSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8271.    Promulgated October 24, 1927.

Petitioner was a member of a partnership which is entitled to return its income from installment sales by the use of the installment method as prescribed by subdivision (d) of section 212 of the Revenue Act of 1926.

*Philip G. Sheehy, Esq.,* for the petitioner.
*M. E. McDowell, Esq.,* for the respondent.

In this proceeding the Commissioner determined a deficiency in income tax for the year 1919 in the amount of $536.98, and overassessments for the years 1920 and 1921, in the amounts of $38.78 and $59.87, respectively. The issue is whether the net income of the partnership, of which the petitioner is a member, should be computed on the installment basis. It was stipulated that facts in the case of *Warren Reilly,* 7 B. T. A. 1327, involving the same partnership income as is involved in this case, are applicable here and that the Board might determine the facts in the case on the testimony adduced in that case.

### FINDINGS OF FACT.

During the years involved in this appeal petitioner was a member of the copartnership of Robinson & Sons Co. The partnership was regularly engaged in selling furniture and household furnishings and equipment on the installment plan. Sales were also made for cash and on open account. From 40 to 50 per cent of the total sales made in each year were on the installment plan.

In the case of sales on the installment plan, the purchasers executed a conditional sales contract which provided, among other things, that title to the property described therein remained in the vendor until full payment was made. The initial payments were usually from 20 to 25 per cent of the selling price of the goods; but some sales were made with a smaller initial payment, if the purchaser was known to be reliable and the monthly payments large. The deferred payments were often extended over periods of 18 months to 2 years.

A cash discount of 10 per cent was allowed to purchasers who purchased for cash, and on open account if payment was made within the required time.

The partnership maintained a ledger account with each purchaser of goods on the installment plan. Upon execution of a conditional sales contract, the purchaser's account was charged with the full purchase price of the goods and credited with the initial payment. Thereafter, the account was credited with the deferred payments as and when made.

The partnership's books of account were maintained upon the accrual basis. Prior to 1919, all installment sales were treated as closed and completed transactions of the year in which made. At the close of the years 1919, 1920, and 1921, there were charged against profit and loss and credited to unpaid profit account, the amounts of $7,000, $6,300, and $3,100, respectively, representing certain percentages of the estimated deferred payments on installment sales remaining unpaid at the close of each year. The amounts charged against profit and loss and set aside to unpaid profits account for the years 1919 and 1920 were added to the income of the years 1920 and 1921, respectively.

The gross sales, the cost of goods sold, the gross profit, and the percentage which the gross profit is of the gross sales, for the years 1918 to 1921, inclusive, as shown by the partnership's books of account, are as follows:

|  | 1918 | 1919 | 1920 | 1921 |
|---|---|---|---|---|
| Gross sales | $118,334.13 | $214,537.47 | $217,487.96 | $174,940.95 |
| Cost of goods sold | 74,644.95 | 124,985.94 | 132,451.86 | 106,943.58 |
| Gross profit | 43,689.18 | 89,551.53 | 85,036.10 | 67,997.37 |
| Percentage of gross profit | 36.9202 | 41.7417 | 39.0992 | 38.8688 |

The deferred payments on installment sales unpaid at the close of the years 1919, 1920, and 1921, and the years in which the sales, to which such deferred payments related, were made, are as follows:

| | Year in which sales were made | | | | |
| --- | --- | --- | --- | --- | --- |
| | 1918 | 1919 | 1920 | 1921 | Total |
| Deferred payments unpaid at close of 1919. | $585.05 | $9,976.55 | | | $10,561.60 |
| Deferred payments unpaid at close of 1920. | 36.10 | 457.05 | $12,450.26 | | 12,943.41 |
| Deferred payments unpaid at close of 1921. | | 40.95 | 1,193.06 | $12,691.63 | 13,925.64 |
| Total | 621.15 | 10,474.55 | 13,643.32 | 12,691.63 | 37,430.65 |

OPINION.

TRAMMELL: The Commissioner has determined overassessments for the years 1920 and 1921; hence, we are without jurisdiction to determine the issues pertaining to these years. *R. P. Hazzard Co.*, 4 B. T. A. 150; *Cornelius Cotton Mills*, 4 B. T. A. 255; *Warren Reilly*, 7 B. T. A. 1327.

This case is controlled by the decision of the Board in the case of *Warren Reilly, supra,* wherein we determined the issues involved with respect to the income for the same partnership of which the petitioner was a member for the same year.

*Judgment will be entered on 15 days' notice, under Rule 50.*

Considered by MORRIS, MURDOCK, and SIEFKIN.