Appeal of E. J. BARRY.        Docket No. 99.

The Board has jurisdiction to consider an appeal presenting questions affecting the correct tax liability which were not presented to the Commissioner before his determination.

Where the Commissioner determines after June 2, 1924, that an assessment should be made in respect of the tax imposed by prior revenue acts in the amount of a deficiency in one year less an overpayment in another year, the Board has jurisdiction to consider the appeal as to both years and determine the correctness of the deficiency asserted.

Submitted October 30, 1924; decided December 11, 1924.

*A. C. Humphreys, Esq.*, for the taxpayer.

*Willis D. Nance, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before GRAUPNER, LANSDON, LITTLETON, and SMITH.

LITTLETON: The petition was filed on September 2, 1924, as an appeal from the determination of the Commissioner of a deficiency in respect of the tax due by the taxpayer for the years 1920 and 1921 in the amount of $11,343.44, as outlined in the deficiency letter mailed July 5, 1924. The appeal is based upon failure of the Commissioner to allow sufficient depreciation in the years 1920 and 1921 on property owned by the taxpayer.

The Commissioner has moved to dismiss the petition—

First. Because the basis of the appeal is that insufficient depreciation has been allowed by the Commissioner for the years 1920 and 1921, whereas the deficiency, or any part thereof, as determined by the Commissioner in the deficiency letter of July 5, 1924, as well as the revenue agent's report to which the deficiency letter refers, is not based upon the disallowance of depreciation upon the property of the taxpayer. Therefore, the taxpayer is presenting a question for the first time on appeal which has no relation to the determination of the deficiency tax by the Commissioner.

Second. Because there has not been since the enactment of the Revenue Act of 1924, a determination by the Commissioner of a deficiency tax due from the taxpayer for the year 1920.

It appears that this taxpayer made his income tax return for the calendar year 1920 showing a net income of $44,790.91 and a tax liability of $7,619.17, which was duly paid; and that he also made a return for the calendar year 1921 which showed a net income of $59,223.60 and a tax liability of $12,278.50, which was also duly paid. On January 28, 1924, a revenue agent examined the books of the taxpayer and submitted a report to the Commissioner, upon which report the Commissioner advised the taxpayer on May 10, 1924, that an audit of his returns for the years 1920 and 1921, in connection with the examination of his books and records, showed an overassessment of $805.77 for the year 1920, and an additional tax of $12,149.21 for the year 1921, or a deficiency tax due by the taxpayer of $11,343.44.

It further appears that on June 9, 1924, and within the 30 days allowed to file a protest of a proposed deficiency, the taxpayer filed with the Commissioner a protest in accordance with the provisions

of section 250(d) of the Revenue Act of 1921, as follows: That, as a result of the adjustments made by the revenue agent, and approved by the Commissioner, the proposed deficiency was erroneous and excessive because of failure to allow sufficient depreciation of certain capital assets used by the taxpayer in his business. This protest, for some unknown reason, did not reach the person in charge of the audit of this taxpayer's return. We find nothing in the law which would operate to defeat the taxpayer's right to raise for the first time on his appeal to this Board any question relating to the ·correctness of the deficiency, whether the taxpayer did or did not protest in any respect the proposed deficiency before final determination thereof by the Commissioner.

When a taxpayer brings his case before the Board he proceeds by trial *de novo*. The record of the case made in the Internal Revenue Bureau is not before the Board except in so far as it may be properly placed in evidence by the taxpayer or by the Commissioner. The Board must decide each case upon the record made at the hearing before it, and, in order that it may properly do so, the taxpayer must be permitted to fully present any questions relating to his tax liability which may be necessary to a correct determination of the deficiency. To say that the taxpayer who brings his case before the Board is limited to questions presented before the Commissioner, and that the Board in its determination of the case is restricted to a decision of issues raised in the Internal Revenue Bureau would be to deny the taxpayer a full and complete hearing and an open and neutral consideration of his case.

The Commissioner's motion on the first ground is denied.

As to the second ground of the Commissioner's motion that the Board is without jurisdiction to consider questions raised in taxpayer's appeal as to the year 1920 for the reason that there has not been since the enactment of the Revenue Act of 1924 a determination by the Commissioner of a deficiency tax due from the taxpayer for that year, it appears from the deficiency letter mailed July 5, 1924, to this taxpayer, and from which he appeals, that the Commissioner, in making his determination as to the deficiency, considered this taxpayer's tax liability for both the years 1920 and 1921 together. It appears that by reason of certain adjustments affecting both 1920 and 1921 the Commissioner determined that there was an overassessment in the year 1920 and a deficiency in the year 1921 and proposed to assess the difference between the deficiency of $12,149.21 for the year 1921 and the overassessment of $805.77 for the year 1920, or $11,343.44.

The taxpayer in his appeal claims that this deficiency should be further reduced by the allowance of proper depreciation to which he is entitled for the years 1920 and 1921.

The Commissioner's motion questioning the right of the Board to consider taxpayer's appeal, so far as it relates to the year 1920, is governed by section 280 of the Revenue Act of 1924 which provides: ·

If after the enactment of this Act the Commissioner determines that any assessment should be made in respect of any income, war-profits, or excess-profits tax imposed by the Revenue Act of 1916, the Revenue Act of 1917, the Revenue Act of 1918, or the Revenue Act of 1921, or by any such Act as amended, the amount which should be assessed (whether as deficiency or as

interest, penalty, or other addition to the tax) shall be computed as if this Act had not been enacted, but the amount so computed shall be assessed, collected, and paid in the same manner and subject to the same provisions and limitations (including the provisions in case of delinquency in payment after notice and demand) as in the case of the taxes imposed by this title, except as otherwise provided in section 277.

The section of the law above quoted clearly gives the taxpayer the right to appeal to this Board, if, after June 2, 1924, the Commissioner determined that *any assessment should be made*. We have in this case an appeal from a determination by the Commissioner that an assessment should be made of a deficiency resulting from an audit of the taxpayer's returns for 1920 and 1921, and by reason of adjustments made in his tax liability for each of the years. In the deficiency letter appealed from, the Commissioner specifically calls the taxpayer's attention to the fact that his determination of the deficiency is based upon an audit of his returns in connection with the revenue agent's examination of his books and records for 1920 and 1921, and that the deficiency of $11,343.44 is the additional tax for 1921, less the overpayment for 1920. Unless we consider any valid defense which the taxpayer may make, we do not see how the Board could correctly determine the deficiency asserted by the Commissioner. It is contended by the Commissioner, that if the Board has jurisdiction in this case at all (which he does not admit), the jurisdiction is limited to 1921, as that is the only year in which there is a deficiency. He further contends that the Board can not consider taxpayer's claims for depreciation for the year 1920 as a defense to the deficiency because he has found that there was an overpayment of tax in that year, and that any decision by the Board as to 1920 would be, in effect, deciding whether or not the taxpayer is entitled to a refund.

We do not think this contention is well taken. The taxpayer has made no claim for refund, and the question whether he is or is not entitled to refund is not involved in the appeal and, therefore, is not before us; neither is there involved in the appeal a denial by the Commissoner of a claim for credit for any year. On the contrary, the Commissioner, as provided in section 252 of the Revenue Act of 1918, has without application by the taxpayer credited the overpayment in 1920 against the additional amount due for 1921 and has proposed to assess the deficiency remaining. It is this deficiency from which the taxpayer appeals and which the Board is called upon to determine. We think it was clearly the intention of Congress in creating the Board that, on appeals by taxpayers, we should consider every question necessary to a correct and complete determination of any deficiency which the Commissioner proposes to assess.

We are of the opinion that the Board has jurisdiction to consider taxpayer's appeal and to determine the correctness of the deficiency asserted by the Commissioner, even though the deficiency may be reduced by proof that the overassessment for the year 1920 is greater than that determined by the Commissioner, as well as by proof that the additional tax for the year 1921 is excessive.

The Commissioner's motion to dismiss is denied and 20 days allowed for answer.