## Appeal of CORNELIUS COTTON MILLS.

Docket No. 12306.  Submitted May 10, 1926.  Decided June 28, 1926.

1. Where the Commissioner determined a deficiency for one year and an overassessment of tax for another, such overassessment not arising from the denial of any claim for abatement of a deficiency, and the petition alleges error only as to the year for which an overassessment was determined, *held*, that the Board has no jurisdiction of the appeal.

2. Section 274 (g) of the Revenue Act of 1926 denies to the Board jurisdiction over such an appeal, and supersedes the decision of the Board in *Appeal of E. J. Barry*, 1 B. T. A. 156.

*H. A. Mihills, C. P. A.*, for the petitioner.
*A. H. Murray, Esq.*, for the Commissioner.

Before PHILLIPS.

PHILLIPS: This appeal comes before us on the motion of the Commissioner to dismiss for the reason that the Board is without jurisdiction to hear and determine this proceeding.

It appears that on February 3, 1926, the Commissioner mailed to the taxpayer a letter in which he set forth his determination of a deficiency of $2,525.00 for the year 1920 and an overassessment for the year 1921 of $80.55. The overassessment does not arise from the denial of any claim for the abatement of any additional assessment, but from an excessive computation of the tax by the taxpayer on the original return. The petition states that the taxes in controversy are income and profits taxes for the calendar year 1921 and assigns as error the disallowance of a portion of the depreciation claimed on machinery for the calendar year 1921.

It is evident from the foregoing statement that the year 1920, for which the Commissioner computed a deficiency of $2,525, is not involved in the appeal, except as the taxpayer may be entitled to have such deficiency reduced by a credit of any amount by which the tax was overpaid for 1921. The purpose of the appeal is to secure a determination that the tax for 1921 has been overpaid by more than the amount of $80.55, as determined by the Commissioner.

It was held by the Board in *Appeal of E. J. Barry*, 1 B. T. A. 156, that in such circumstances the Board should accept jurisdiction of the appeal for the purpose of determining the net amount of the tax to be assessed against and paid by the taxpayer. Since that decision was rendered, the Revenue Act of 1926 has become effective, which Act provides, in part, as follows:

SEC. 274. (g) The Board in redetermining a deficiency in respect of any taxable year shall consider such facts with relation to the taxes for other taxable years as may be necessary correctly to redetermine the amount of such deficiency, but in so doing shall have no jurisdiction to determine whether or not the tax for any other taxable year has been overpaid or underpaid.

Under this provision of the Act the Board no longer has the jurisdiction exercised in the *Barry* appeal. The Board is to have jurisdiction of appeals from the determination of a tax liability for those years for which the Commissioner has determined a deficiency. In determining the correct amount of the deficiency, we may consider such facts with relation to taxes for other taxable years as may be necessary correctly to redetermine the amount of the deficiency involved; for example, in determining the invested capital for the year for which the deficiency against a corporation has been determined, we may determine what was the tax liability during a preceding year. We must not, however, determine whether or not the tax for such other years has been overpaid or underpaid, and without authority to make such a determination it necessarily follows that we can not determine that there is a credit to be applied to reduce the deficiency which has been determined by the Commissioner. Apparently each taxable year must stand upon its own feet, so far as the jurisdiction of the Board is concerned, and the

question, whether there has been an overpayment in some year for which a deficiency has not been determined which should be allowed as a credit, is one over which the Board has no jurisdiction. This is now a matter of adjustment to be made by the Commissioner or by the collector, or it may be made the subject of a suit for refund.

While the present appeal was filed prior to the passage of the Revenue Act of 1926, the jurisdiction of the Board is now limited to such jurisdiction as is granted by that Act. (Section 1000, Revenue Act of 1926.) The appeal must be dismissed for lack of jurisdiction in the Board to hear and determine the proceeding.

*Order will be entered accordingly.*