## APPEAL OF W. H. MOREFIELD AND WIFE.

Docket No. 5721.    Decided July 27, 1926.

1. The Board is without jurisdiction to redetermine an over-assessment for any year in which no deficiency is asserted.

2. Loss from transactions in oil leaseholds determined and allowed.

*E. W. R. Ewing, Esq.*, for the petitioners.
*Thos. P. Dudley, Jr., Esq.*, for the Commissioner.

Before ARUNDELL and LANSDON.

The basis of this appeal is the Commissioner's notice which advises W. H. Morefield of an overassessment for 1919 in the amount of $15,450.21, and asserts a deficiency as to each of the taxpayers for 1920 in the amount of $2,784.85. The petitioners seek a redetermination of their tax liability for each of said years, averring that the overassessment for 1919 should be increased and that the deficiency for 1920 should be reduced. Three issues are involved in this matter: (1) Whether the Board may redetermine tax liability for a year as to which the Commissioner admits an overassessment and asserts no deficiency; (2) deduction from gross income of certain debts due the petitioners which it is alleged were ascertained to be worthless and charged off during the year 1919; and (3) disallowance by the Commissioner of losses alleged to have been sustained in the year 1920 as deductions from income for that year.

### FINDINGS OF FACT.

The petitioners constitute a marital community under the laws of the State of Louisiana. They reside at Shreveport, where W. H. Morefield, in equal partnership with one J. T. Tanner, was engaged in the business of buying and selling oil and gas leases during the taxable years. They made separate income-tax returns for the years 1919 and 1920, and the deficiency for 1920 is asserted in equal amounts against each of them.

During the year 1919 debts due W. H. Morefield, in the total amount of $7,645, were ascertained to be worthless and charged off the books of account kept by the petitioners.

In June, 1920, as a joint venture, W. H. Morefield and J. T. Tanner acquired five oil and gas leases from one Evans, by purchase, at a total cost of $36,000. Subsequently, one lease, then and so acquired, was sold for $7,500. Titles of the four remaining leases were ascertained to be defective. Such leases were never prospected for oil and gas, reassigned, or sold, and were abandoned and for-

feited in 1920. These transactions resulted in a net loss of $28,500, which was sustained during the year 1920. The taxpayer shared in such loss in the amount of $14,250.

Resulting from an audit of the income-tax returns of the petitioners for the years 1919, 1920, and 1921, the Commissioner notified each of them of deficiencies. W. H. Morefield was advised of an overassessment for 1919 in the amount of $15,734.85, of a deficiency for 1920 in the amount of $2,734.85, and of no change for 1921. Mrs. W. H. Morefield was advised that her tax liability for 1919 was adjusted in her husband's return for that year, of a deficiency for 1920 in the amount of $2,734.85, and of no change for 1921.

The letters addressed to the petitioners by the Commissioner state that, for the year 1919, the return of W. H. Morefield showed an overassessment in the amount of $39,575.60, and that the return of Mrs. W. H. Morefield showed a deficiency in the amount of $24,-125.39. Applying the additional tax due on the return of the wife to the overassessment shown on the return of the husband, the Commissioner ascertains a net overassessment of the husband for 1919 in the amount of $15,450.21.

OPINION.

LANSDON: The petitioners ask for redetermination of an overassessment for the calendar year 1919, and of a deficiency for the calendar year 1920. The first question to be considered is whether the Board has jurisdiction that enables it to redetermine the tax liability of a taxpayer who has been advised of an overassessment for the year involved.

Prior to the enactment of the Revenue Act of 1926, we held, in the *Appeal of E. J. Barry*, 1 B. T. A. 156, that—

Where the Commissioner determines after June 2, 1924, that an assessment should be made in respect of the tax imposed by prior revenue acts in the amount of a deficiency in one year less an overpayment in another year, the Board has jurisdiction to consider the appeal as to both years and determine the correctness of the deficiency asserted.

In the *Appeal of the Eagle Dye Works*, 1 B. T. A. 638, we held that—

In an appeal from a deficiency in any year this Board has jurisdiction to consider the tax liability for any other year not barred by the statute of limitations when necessary to a correct determination of the deficiency asserted.

The jurisdiction taken in the appeals cited *supra*, even if such reports might be construed to assert authority to redetermine overassessments, appears to have been completely destroyed by the enactment of the Revenue Act of 1926, which defines a deficiency and

sets forth the jurisdiction of the Board thereof in the following language:

Sec. 273. As used in this title in respect of a tax imposed by this title the term " deficiency " means—

(1) The amount by which the tax imposed by this title exceeds the amount shown as the tax by the taxpayer upon his return; but the amount so shown on the return shall first be increased by the amounts previously assessed (or collected without assessment) as a deficiency, and decreased by the amounts previously abated, credited, refunded, or otherwise repaid in respect of such tax; * * *.

Sec. 274. (a) If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this title, the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within 60 days after such notice is mailed (not counting Sunday as the sixtieth day), the taxpayer may file a petition with the Board of Tax Appeals for a redetermination of the deficiency. * * *

(g) The Board in redetermining a deficiency in respect of any taxable year shall consider such facts with relation to the taxes for other taxable years as may be necessary correctly to redetermine the amount of such deficiency, but in so doing shall have no jurisdiction to determine whether or not the tax for any other taxable year has been overpaid or underpaid.

From these excerpts from the statute that clothes the Board with all the jurisdiction that it may exercise, we conclude that it was the plain intent of Congress to restrict our authority to the redetermination of deficiencies asserted by the Commissioner. We may consider facts relating to tax liability of years for which no deficiency is asserted only as such facts affect tax liability for the year for which a deficiency has been found. In order that there may be no further controversy as to our authority in the matter of tax liability for years in which no deficiency is asserted, Congress has now declared, in express terms, that we have no jurisdiction to determine whether the tax for any year in which no deficiency has been asserted has been either overpaid or underpaid. We are of the opinion that this provision also denies us any authority either to increase or decrease an overassessment for any year in which no deficiency has been found. We hold, therefore, that in the case at bar we have no jurisdiction to enable us to redetermine the overassessment for the year 1919. *Appeal of Cornelius Cotton Mills*, 4 B. T. A. 255; *Appeal of R. P. Hazzard Co.*, 4 B. T. A. 150.

The evidence that the petitioners sustained a loss in the amount of $14,250 in 1920 as the result of certain transactions in buying and selling oil leases is clear and uncontradicted. Such loss should be deducted from the gross income for that year.

*Order of redetermination will be entered on 15 days' notice, under Rule 50.*