## APPEAL OF H. S. SIMON.

Docket No. 4912.     Decided September 27, 1926.

*Albert L. Clothier, Esq.*, for the petitioner.
*George G. Witter, Esq.*, for the Commissioner.

LITTLETON: The Commissioner determined a deficiency of $623.08 for 1920 and an overassessment in the amount of $147.32 for the year 1921. He held that a partnership of which petitioner was a member was dissolved on November 30, 1920, and the business thereof conducted by him as an individual until February 1, 1921, and thereafter by a new partnership. Petitioner claims that the first partnership having a fiscal year ending November 30, was dissolved on January 17, 1921, and that settlement was made between the two parties on the basis of the books at the close of the fiscal year ending November 30, 1920, with the exception of the division of certain securities, and that he agreed to assume the losses of the partnership for December, 1920, and January, 1921, which amounted to $4,338.77, and that this amount should have been allowed as a deduction from his income for 1921, consisting of his distributive share of the net income of the new partnership for the period January 17, to November 30, 1921, resulting in a deficiency of $288.21 for 1920 and an overassessment of $300.61 for 1921.

### FINDINGS OF FACT.

Petitioner is a resident of New York City. In 1910, he and A. Gershel formed a partnership known as A. Gershel & Co., to engage in the manufacture and sale of suits and coats, in which each owned a one-half interest. The partnership kept its books upon the basis

of a fiscal year ending November 30. On January 17, 1921, there arose a disagreement between the partners and the partnership was forthwith dissolved. The petitioner at the same time purchased Gershel's interest. The consideration was computed by taking one-half of the value of the inventory of the stock on hand November 30, 1920, as shown by the books, and one-half of the value of the Liberty bonds and other assets on hand January 17, 1921. The partnership of A. Gershel & Co. operated at a loss of $2,059.39 for December, 1920, and $2,279.38 for January, 1921. The petitioner assumed these losses. Immediately upon dissolution of the partnership of A. Gershel & Co., a new partnership, known as Horatio Simon & Co., was formed by the petitioner and his son, in which petitioner had a two-thirds interest, and his son a one-third interest.

Petitioner's net income for the calendar year 1920, consisting of his proportion of the net income of A. Gershel & Co. for the year ended November 30, 1920, was $20,383.24.

The net income of Horatio Simon & Co. for the ten-month period February 1, to November 30, 1921, amounted to $28,557.74, two-thirds of which amount, or $19,038.49, represented petitioner's distributive share.

Petitioner filed his return on the basis of a calendar year. He assumed the loss of A. Gershel & Co. for December, 1920, and January, 1921.

> *Order redetermining the deficiency for 1920 will be entered on 15 days' notice, under Rule 50. The Board has no jurisdiction to determine the overassessment for 1921. Appeal of Cornelius Cotton Mills, 4 B. T. A. 255.*