PARK BROS. & ROGERS, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 2460.   Promulgated April 6, 1927.

1. JURISDICTION.—The Board has no jurisdiction to redetermine the tax of a year for which a deficiency has not been determined by the Commissioner. Revenue Act of 1926, sec. 274 (g) ; *Appeal of Cornelius Cotton Mills,* 4 B. T. A. 255.

2. AFFILIATION.—Ownership in 1917 of 72.2 per cent of stock of Advance Button Co. by petitioner *held* not sufficient for affiliation. In 1919, petitioner owned all of the outstanding stock of said company; *held* to be affiliated.

*Henry C. Hart, Esq.,* for the petitioner.
*Marion N. Fisher, Esq.,* for the respondent.

This is a proceeding for the redetermination of deficiencies in tax of $80.80 for 1917 and $2,099.75 for 1919. The errors assigned are (1) an insufficient allowance of depreciation, and (2) the refusal of the Commissioner to treat the petitioner and the Advance Button Co. as affiliated in the years 1917, 1918, and 1919. The petitioner abandoned its contentions under the first-mentioned assignment of error.

FINDINGS OF FACT.

The petitioner is a Rhode Island corporation, which began business January 1, 1917, and has its principal place of business at Providence. Its treasurer, chief executive officer and principal stockholder is Everett I. Rogers of that city. Its business is manufacturing and selling jewelry, including collar buttons, cuff buttons and studs.

The Advance Button Co. was a corporation of Rhode Island, formed in 1909 with the name Yardley Pearl Works. The name was changed to Advance Button Co. in January, 1918. This corporation was engaged principally in producing imitation pearls, which were used in manufacturing collar buttons, cuff buttons, studs, etc., and its entire output was consumed by petitioner. It operated its business on the same premises on which petitioner carried on its business, and it had the same treasurer and chief executive officer. The assets of the company were liquidated on December 31, 1919.

During the years under consideration, there were issued and outstanding 54 shares of the capital stock of the Advance Button Co. Of these, petitioner admittedly owned 39 shares. The other 15 shares were issued to and stood in the names of the following persons: Charles P. Thompson, 1 share; W. E. Hammond, 1 share; Arthur Yardley, 13 shares. The three persons last named were employees of petitioner. None of them ever voted the shares of stock

standing in his name. None of them executed a proxy or any agreement in writing conferring upon petitioner the right to vote the stock standing in his name or executed any other written agreement relative thereto. Yardley, after 1917, the exact time is not disclosed, severed his connection with the company and has not been employed by petitioner nor interested financially or otherwise, in either corporation. The Advance Button Co. never declared or paid any dividend on its capital stock. In the latter part of 1917, each of the three individuals named endorsed in blank the said certificate or certificates of stock standing in his name and delivered them to Everett I. Rogers " as evidence of the surrender by each of all right, title and interest that they each may have had, whether nominal or actual, in said Yardley Pearl Works to said Parks Bros. & Rogers, Inc., and these certificates have been from that time to the present in the custody and control of said Everett I. Rogers; that after the change of the name of said Yardley Pearl Works to Advance Button Company no certificates of stock of that company have been issued to either Hammond, Thompson or Yardley."

The deficiency notice states that a reexamination has been made of the petitioner's returns for the years from 1917 to 1920, inclusive, and in addition to determining the deficiencies mentioned above it states an overassesment of $72.90 for 1918, no additional tax for 1920, and a " net additional tax " of $2,107.65. The respondent pleads that the Board has no jurisdiction to redetermine the petitioner's tax liability for the year 1918. A stipulation of facts was filed, and no testimony was offered.

The petitioner duly filed for the calender years 1917, 1918, and 1919, consolidated returns of petitioner and Advance Button Co. as affiliated corporations, and filed with the Commissioner affiliated schedules for those years. The deficiencies arose in part from the disallowance of adjusted depreciation claimed on amended returns, and in part from the refusal of the Commissioner to treat the corporations as affiliated.

OPINION.

LOVE: We will first dispose of the question of jurisdiction of the Board to redetermine the tax for 1918. The notice of deficiency states an overassesment for that year, but it shows a " net additional tax " for the three years 1917, 1918, and 1919, arrived at by deducting the amount of the 1918 overassessment from the sum of the deficiencies for the other two years. The petitioner urges that the Board may consider the tax liability for 1918 for the purpose of determining whether or not the overassessment should be greater

than that determined by the Commissioner, since this would affect the net deficiency for the three years. It relies on *Appeal of E. J. Barry*, 1 B. T. A. 156, and certain other cases early decided by the Board. Since those decisions were rendered, the Revenue Act of 1926 was passed, which contains the following provision:

SEC. 274. (g) The Board in redetermining a deficiency in respect of any taxable year shall consider such facts with relation to the taxes for other taxable years as may be necessary correctly to redetermine the amount of such deficiency, but in so doing shall have no jurisdiction to determine whether or not the tax for any other taxable year has been overpaid or underpaid.

Under this provision the Board has no jurisdiction to redetermine the tax for a year for which no deficiency has been found. See *Appeal of Cornelius Cotton Mills*, 4 B. T. A. 255. The petition is therefore dismissed as to the year 1918.

Until the latter part of 1917, the petitioner owned 39 shares, constituting 72.2 per cent of the outstanding stock of the Advance Button Co. The stipulation filed states the other 15 shares were "issued to and stood in the names of" three individuals named. While this statement is vague as to ownership, we certainly can not find that petitioner then owned these shares. We conclude that 72.2 per cent is not "substantially all," so that affiliation can not rest on the ground of ownership by petitioner of substantially all of the stock. It further appears, however, that the three individuals referred to were employed by petitioner. Does this fact give petitioner control "through closely affiliated interests" of the remaining 15 shares not owned by it? We think not. It does not appear what positions Thompson, Hammond, and Yardley held, or that their holding of this stock had any relation to their employment by petitioner. An employer has not "control" of shares of stock held by an employee, by virtue of this relationship solely. See *Appeal of Kiddy Shoe Service, Inc.*, 5 B. T. A. 268; *Appeal of Goldstein Bros. Amusement Co.*, 3 B. T. A. 408. In the latter part of 1917 (date not shown), Thompson, Hammond, and Yardley "surrendered all right, title and interest" in their stock to petitioner. The circumstances or conditions of the surrender are not stated. The presumption is that petitioner thereupon became the owner of these shares. Therefore, from that time on, the two corporations were affiliated; but we can not determine they were affiliated during any part of 1917, for the date upon which the 15 shares were acquired by petitioner is not shown.

During 1919 petitioner still held all of the stock of the Advance Button Co., and hence was affiliated with it in that year.

*Judgment will be entered on 15 days' notice, under Rule 50.*