HARTFORD HAT & CAP CO., PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7400.    Promulgated July 25, 1927.

1. JURISDICTION.—The Board has not jurisdiction to redetermine the tax of a year for which no deficiency has been determined by the Commissioner. *Appeal of Cornelius Cotton Mills*, 4 B. T. A. 255.

2. BAD DEBTS.—During the fiscal year ending June 30, 1919, petitioner determined to be worthless and charged off certain debts totaling $562.45, which amount was deducted from gross income and allowed by the Commissioner. Petitioner claims that its determination of worthlessness and the charge-off in the fiscal year 1919 was erroneous and therefore the collection in the succeeding year did not result in the receipt of income. *Held*, that the evidence is insufficient to show that the petitioner erred in determining the debts to be worthless and charging them off in the fiscal year ending June 30, 1919.

3. OFFICERS' SALARIES.—Evidence held insufficient to show that amount of alleged additional salaries was paid or incurred during the taxable year.

*Joseph Getz*, C. P. A., for the petitioner.
*Joseph K. Moyer, Esq.*, for the respondent.

This proceeding is to redetermine deficiencies in income and profits tax for the fiscal years ended June 30, 1920, and 1921, amounting, respectively, to $884.84 and $406.48. The petition also refers to fiscal year ended June 30, 1922, although no deficiency was determined for that year.

The petitioner alleges errors in disallowing expenses for entertaining customers; in including in income for the fiscal year ended June 30, 1920, accounts collected in this year which had been charged off as worthless in a prior year; and in disallowing additional amounts claimed as officers' salaries in the years ended June 30, 1920 and 1921.

FINDINGS OF FACT.

The petitioner is a Connecticut corporation with its principal office and place of business at Hartford, and is engaged in manufacturing cloth hats and caps.

The Commissioner disallowed sums reported by petitioner as donations, aggregating $87.61 in 1920, and $227.98 in 1921. These amounts included expenditures for cigars and cigarettes presented to customers and buyers, aggregating $77.50 in the fiscal year ended June 30, 1920, and $62.98 in the year ended June 30, 1921. These presents fostered a good feeling which was helpful to petitioner's salesmen when soliciting orders.

In the year ended June 30, 1919, the petitioner charged off the following debts which it then believed to be worthless, and the amounts were deducted in petitioner's tax return:

| | |
|---|---|
| Norman G. Eddy | $159.32 |
| Freidman Bros | 124.50 |
| E. Parant & Co | 230.50 |
| Stratton Bros | 48.13 |
| Total | 562.45 |

The deduction was allowed by the Commissioner. These debts were collected during the following fiscal year and were then reinstated on petitioner's books. The Commissioner included them in income for the year in which they were collected.

The officers of the petitioner were Ruby Meister, president and treasurer, and Joseph Jainchill, secretary. These two and H. Sacks owned all of the capital stock and constituted the board of directors. Meister also served as a salesman and buyer, collected accounts and attended to the financial affairs. Jainchill was foreman and was in general charge of the shop. Sacks was assistant foreman and worked at cutting and sewing and making samples.

During the years ending June 30, 1919, 1920, and 1921, each of the three drew $35 a week as salary. The petitioner alleges that the agreed salary of each of them in the two years here in question was $70 a week, and it claims the right to deduct salaries at this rate. The Commissioner has disallowed the additional $35 per week.

In the early part of 1920 the three directors had informal conversations among themselves concerning larger salaries. The minutes of a meeting of the board of directors held April 27, 1920, contain the following:

It was also decided to raise the salaries of the Directors.

On February 15, 1922, the directors adopted the following:

A motion was made, seconded and passed that the officers' salaries be reduced $10.00 each week on account of bad business, etc.

During the year ended June 30, 1922, the officers drew $60 per week. The additional amounts claimed to have been authorized for the years ended June 30, 1920, and 1921, were never accrued on petitioner's books and were never drawn by the officers, except that some time later a settlement was made with Jainchill of any claim he might have for back salary. This settlement was made by petitioner's continuing to pay to him, during a period of disability lasting about 15 weeks, the salary of $60 per week that he had theretofore been receiving. Jainchill afterwards left the petitioner's employ and Meister bought his stock.

Love: There being no deficiency determined for the year ended June 30, 1922, we have no jurisdiction to redetermine the petitioner's tax liability for that year. Section 274 (g), Revenue Act of 1926; *Appeal of Cornelius Cotton Mills*, 4 B. T. A. 255.

The amounts spent for cigars and cigarettes presented to customers and buyers were, in the circumstances of this case, ordinary and necessary business expenses and deductible from gross income.

The petitioner's position with respect to the bad debts collected in the year ended June 30, 1920, is that they were not in fact ascertained to be worthless when charged off in the previous year; therefore, the income for such previous year was erroneously reduced by such deduction.

The petitioner determined the debts to be worthless and charged off the same. The evidence here presented is not convincing that he committed error at that time.

On the contrary, the testimony shows the debts were ascertained to be worthless when charged off. Ruby Meister, the president, testified as follows:

Q. Did you on June 30, 1919, absolutely believe that the accounts of Norman G. Eddy, Freidman Bros., E. Parant & Company, and Stratton Bros., were uncollectible?
A. Yes, sir.
Q. Did you expect to collect any portion of these accounts?
A. No, I didn't.

The accountant in charge of the books testified:

Q. What accounts were written off?
A. The bad accounts closed off were Danbury Hat Co., Norman Eddy, Freidman Bros., E. Parant, R. H. Stackel and Stratton Bros.
Q. Did you make the entry?
A. Yes.
Q. Who told you to make that entry?
A. I kept the list of accounts, went through the accounts with Mr. Meister; he informed me that these were bad accounts, stating that they were difficult to collect, as a matter of fact they were in the hands of an attorney, referred back to us as uncollectible, naturally charged off as no good and uncollectible.

The Commissioner's action in adding the amounts to income in the year ended June 30, 1920, is approved.

The additional amounts of salaries were not paid within the years for which they are claimed, and never have been paid. The question is whether a liability for them was incurred within the year. If not, they can not be allowed. *Appeal of Randall Brothers, Inc.*, 4 B. T. A. 291; *Sol Frankel, Inc.*, 3 B. T. A. 494; *American Central Fruit Auction Co.*, 3 B. T. A. 199. They were never accrued on petitioner's books. This, it asserts, was a mistake of the bookkeeper.

However, the other testimony relating to their authorization was so vague and conflicting that we are unable to find that an obligation arose to pay them. Such obligation can not be found in the bare statement contained in the minutes of the directors' meeting that it was " decided to raise the salaries of the directors." The president testified that at the informal meetings the other officers complained that they could not live on $35 a week and wanted larger salaries for this reason, and then he testified that the additional amounts were not drawn because they wished to let the money accumulate in the treasury so that the company would have funds with which to buy a building of its own. These statements, to our minds, can not be reconciled.

> *Judgment will be entered on 15 days' notice, under Rule 50.*

Considered by TRUSSELL and LITTLETON.