CAUGHEY-JOSSMAN CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7045. Promulgated September 22, 1927.

The Commissioner, in auditing the returns of two affiliated companies, determined a deficiency in the case of one and an overassessment as to the other. The notice of deficiency was sent to the company in whose case the overassessment was determined and that company filed a petition contesting the correctness of the deficiency.

*Held,* that as to the company filing the petition the Board is without jurisdiction, in view of the determination of an overassessment, and the petition is dismissed. *Cornelius Cotton Mills,* 4 B. T. A. 255.

*Held,* further, that the other company, against which the deficiency had been determined, had no right of appeal to the Board as it had not been notified of the determination, and that the words "a consolidation" following the name of the petitioner company in the caption of the petition did not make the other company a party to the proceeding.

*J. K. Starr, Esq.,* for the petitioner.
*T. M. Wilkins, Esq.,* for the respondent.

The Commissioner has determined a deficiency in income and profits taxes for the fiscal year ended June 30, 1918, in the amount of $5,163.63 and a penalty in the amount of $2,581.81.

## FINDINGS OF FACT.

Under date of July 17, 1925, the Commissioner addressed a notice of deficiency to the " Caughey-Jossman Company, 5075 Grand River Avenue, Detroit, Michigan," which notice contained the following statement:

An examination of your income and profits tax returns and those of your affiliated company for the fiscal year ended June 30, 1918, has resulted in a determination of a deficiency in the tax and penalty amounting to $5,163.63 and $2,581.81, respectively, as shown in the attached statement.

The statement attached to the notice of deficiency reads as follows:

STATEMENT OF RETURNS EXAMINED AND RESULTING TAX LIABILITY

*Returns Examined*

| Name of company | Year | Form |
|---|---|---|
| Caughey-Jossman Company, Detroit, Michigan | 1918 | 1120–1031–1103 |
| American Elevator & Storage Company, Detroit, Michigan | 1918 | 1120 |

*Resulting Tax Liability*

| Name of company | Year | Additional tax | Penalty | Overassessment |
|---|---|---|---|---|
| Caughey-Jossman Company, Detroit, Michigan. | Fiscal year June 30, 1918 | | | $237.69 |
| American Elevator & Storage Company | Fiscal year June 30, 1918 | $5,163.63 | $2,581.81 | |
| Totals | | $5,163.63 | $2,581.81 | $237.69 |

The adjustments resulting in the above additional tax liability are based upon the reports of the Revenue Agent dated March 29 and May 26, 1924, copies of which have previously been furnished you.

The overassessment shown above is barred by the operation of the Statute of Limitations and cannot be allowed.

1918 Return filed May 1923.

In connection with the above results careful consideration has been given the statement made in your claim for refund of $1,752.71.

In accordance with the agreement reached at the conference held in this Bureau under date of June 25, 1925, the contentions as set forth in your brief dated June 3, 1925, have been disallowed.

The 50% penalty as indicated in Bureau letter dated May 9, 1925, is subject to an offer in compromise, through the office of the Collector of Internal Revenue for your district.

Prior to the issuance of the above-described notice of deficiency the Commissioner addressed to the Caughey-Jossman Co. a so-called 30-day letter, under date of May 9, 1925, which letter had attached to it a statement which contained, among other things, the following:

SCHEDULE-1—

*Adjustment of Tax for Fiscal Years.*

Fiscal Year ended June 30, 1918.

| | |
|---|---:|
| Total tax computed under 1917 Act, Schedule Revenue Agents Report dated May 26, 1924 | $9, 547. 72 |
| Total tax computed under 1918 Act, Schedule 10, Revenue Agents Report dated May 26, 1924 | 17, 645. 93 |
| 6/12 of tax computed under 1917 Act | 4, 773. 86 |
| 6/12 of tax computed under 1918 Act | 8, 822. 97 |
| Total Tax | $13, 596. 83 |

SCHEDULE-2—

*Allocation of Total Tax.*

| Name of Company | Per Cent | Amount |
|---|---|---:|
| Caughey-Jossman Company | 61. 2125 | $8, 322. 96 |
| American Elevator & Storage Company | 38. 7875 | 5, 273. 87 |
| | 100. 00 | $13, 596. 83 |

SCHEDULE-3—

*Computation of Tax Liability.*

Caughey-Jossman Company.

| | | |
|---|---:|---:|
| Correct tax liability | | $8, 322. 96 |
| Original tax assessed (Form 1120) | $6, 680. 68 | |
| Original tax assessed (Form 1031) | 1, 879. 97 | |
| Total Tax assessed | | 8, 560. 65 |
| Overassessment | | 237. 69 |

*Computation of Tax Liability.*

| American Elevator & Storage Company. | | Tax | Penalty |
|---|---|---:|---:|
| Correct tax liability | | $5, 273. 87 | $2, 636. 93 |
| Previously assessed: | Penalty | | |
| Original Tax $15. 74 | $7. 87 | | |
| Additional 94. 50 | 47. 25 | | |
| | | 110. 24 | 55. 12 |
| Additional Tax to be assessed | | $5, 163. 63 | |
| Additional Penalty assessed | | | $2, 581. 81 |

Under date of September 11, 1925, a petition was filed which, omitting the propositions of law, is as follows:

UNITED STATES BOARD OF TAX APPEALS

Appeal of the
  Caughey-Jossman Co.,
  a consolidation.
  5075 Grand River Ave.,
  Detroit, Michigan.
                    *Petition*

The above named taxpayer hereby appeals from the determination of the Commissioner of Internal Revenue set forth in his deficiency letter IT–CRA–

11340°—28——16

ECE–60D dated July 17, 1925, and as the basis of its appeal sets forth the following:

1—The taxpayer is a Michigan corporation with principal office at 5075 Grand River Avenue, Detroit, Michigan.

2—The deficiency letter, a copy of which is attached, was mailed to the taxpayer on July 17, 1925.

3—The taxes in controversy are income and profits taxes for the fiscal year ending June 30, 1918, and are less than $10,000.00, to wit: $5,163.63; and $2,581.81 penalty.

4—The determination of tax contained in the said deficiency letter is based upon the following errors:

(1) The determination of tax liability against the subsidiary company by methods used in determining tax liability against a consolidation where the statute of limitations has run against the parent company, instead of its determination without consolidation.

(2) The disallowance of officers salaries claimed where no salaries were paid because no income was earned according to books, but large earnings were shown by revenue agent after adjusting income between corporations.

(3) The assessment of penalties for delinquency in filing return according to the provisions of the Revenue Act of 1917 instead of the Revenue Act of 1918 for return for a fiscal year ending in 1918.

5—The facts upon which taxpayer relies as the basis of its appeal are as follows:

The American Elevator & Storage Company was organized July 26, 1917. Its books for the first part year showed no earnings. No salaries were authorized or paid officers. The Department consolidated this company and Caughey-Jossman Company and the Revenue Agent adjusted income of the two companies so as to show a large income for the American Elevator & Storage Company. Taxpayer now claims that reasonable salary allowances should be made officers from adjusted income.

&ast;        &ast;        &ast;        &ast;        &ast;        &ast;        &ast;

WHEREFORE, the taxpayer respectfully prays that this Board may hear and determine its appeal.

CAUGHEY-JOSSMAN CO.

L. J. SIMPSON

*Secy.-Treas.*

STATE OF MICHIGAN }
COUNTY OF WAYNE  } *ss*

L. J. Simpson, being duly sworn, says that he is the Secretary and Treasurer of the Caughey-Jossman Company and the American Elevator & Storage Company, and as such is duly authorized to verify the foregoing petition; that he has read the said petition and is familiar with the statements therein contained, and that the facts therein stated are true.

L. J. SIMPSON

Subscribed and sworn to before me this 9th day of September, 1925.

RALPH W. SHUMWAY

*Notary Public for Wayne Co., Michigan*

My commission expires Dec. 28, 1928.

The Commissioner in his answer admitted allegations contained in the petition as follows:

(3) Admits that the American Elevator & Storage Company, mentioned in paragraph 5 of the petition, was organized July 26, 1917.

(4) Admits that no salaries were authorized or paid the officers of the said American Elevator and Storage Company during the period begun July 26, 1917 and ended June 30, 1918.

(5) Admits that in the determination of the tax, as shown by the said deficiency letter, the Commissioner consolidated the said American Elevator and Storage Company and the Caughey-Jossman Company.

(6) Admits that in the determination of said tax the tax was computed on a consolidated basis.

(7) Admits that the tax computed by the Commissioner on a consolidated basis was allocated to the aforementioned companies in proportion to their income.

The only evidence offered by the petitioner was the original notice of deficiency dated July 17, 1925, and the original so-called 30-day letter.

OPINION.

ARUNDELL: This proceeding was initiated while the Revenue Act of 1924 was in effect. Section 274(a) of that Act provides in part:

> If, in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this title, *the taxpayer* * * * shall be notified of such deficiency by registered mail * * *. Within 60 days after such notice is mailed *the taxpayer* may file an appeal with the Board of Tax Appeals * * *. (Italics supplied.)

Section 2(a) (9) of the Act of 1924 reads:

> The term " taxpayer " means any person subject to a tax imposed by this Act.

Reading these two sections together, it seems that the right of appeal must be based on two coexistent elements, namely, (1) the determination by the Commissioner of a deficiency, and (2) the sending of notice thereof to the person subject to the tax. The determination of a deficiency against one person, and the sending of the notice thereof to another, does not meet with the requirements of the statute, which, as pointed out above, provides for the notification of *the taxpayer*. And this is so, even though the two are affiliated companies, for the reason that section 240 of the statute provides that, in the case of such companies, the tax shall " be assessed upon the respective affiliated corporations in such proportions as may be agreed upon among them, or, in the absence of any such agreement, then on the basis of the net income properly assignable to each." Thus, for purposes of assessment and collection, the separate identity of each of the corporations is recognized.

What the Commissioner has done here is to determine a deficiency against the American Elevator & Storage Co., and then send a notice of such deficiency to the Caughey-Jossman Co. Clearly, on such facts, the American Elevator & Storage Co. can not take an appeal, for it has not been notified of a deficiency, and, from an

examination of the petition it does not appear that it has attempted to do so. While the petition filed bears the caption, "Caughey-Jossman Co., a consolidation," the American Elevator & Storage Co is not thereby made a party, as "The title or caption of the bill is no part of the bill * * *." *Jackson* v. *Ashton*, 8 Peters 148; *Marshall* v. *B. & O. R. R. Co.*, 16 How. 314, 342. The American Elevator & Storage Co. will have its opportunity to file a petition in the event the Commissioner determines a deficiency in its tax and notifies it thereof in accordance with the statute.

As to the Caughey-Jossman Co., the respondent has determined an overassessment and we are without jurisdiction of the appeal. *Cornelius Cotton Mills*, 4 B. T. A. 255.

Reviewed by the Board.

*Order of dismissal will be entered.*

MILLIKEN and SMITH dissent.