ROGERS PEET CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 16593. Promulgated December 8, 1930.

*James F. Collins, Esq.,* for the petitioner.
*Maxwell E. McDowell, Esq.,* for the respondent.

OPINION.

TRAMMELL: For the fiscal years ended February 28, 1923, and February 28, 1924, the respondent has determined overassessments. It not appearing that there were deficiencies for the years, the appeal will be dismissed with respect thereto. *Cornelius Cotton Mills,* 4 B. T. A. 255.

The petitioner contends that for the fiscal years ended February 28, 1921, and February 28, 1922, it is entitled to deductions of $33,441.25 and $40,561.96 respectively, representing the portions of the indebtedness of Anderson & Brothers ascertained to be worthless and charged off within the respective taxable years. The respondent denies that the amounts contended for as deductions within the respective years were ascertained to be worthless or that they were charged off.

The petitioner did not use the reserve method for the purpose of taking deductions for bad debts except in the particular case of Anderson & Brothers. All other accounts were treated differently. When an account was ascertained to be worthless and charged off it was deducted, but in the case of this particular account, the petitioner set up a reserve at the end of the year in accordance with the amount of deficit which Anderson & Brothers had on its books at the end of the year. The balance sheet of Anderson & Brothers of February 28, 1920, shows an excess of assets over liabilities of $19,575.11. On February 28, 1921, there was an excess of liabilities over assets in the amount of $33,441.25. On February 28, 1922, there was an excess of liabilities over assets of $74,003.21, or an increase in the deficit of $40,561.96. In 1921 a reserve was set up equal to the amount of the deficit for that year and in 1922 a reserve was set up in an amount equal to the increase in the deficit for that year.

The petitioner had been doing business with Anderson & Brothers in the same way for many years prior to the taxable year and has continued to do so up to the time of the hearing. It has continued through all the years to sell goods to them and it has treated the accounts in the same way. There is no evidence that the petitioner has ever lost anything as the result of its trading with Anderson & Brothers in any of the years. While the petitioner set up a reserve on its books for the deficits of Anderson & Brothers in the respective years, it now contends that it ascertained the amounts to be worthless and charged them off.

The petitioner is not entitled to both the reserve method and the charge-off method. It could not use the charge-off method for certain accounts and the reserve method for certain other accounts.

We do not think that the contention of the petitioner that it ascertained the debt to be worthless in part and charged off is sustained by the evidence. The fact that the debtor had a deficit for certain years is not in itself sufficient, especially in view of the long course of dealings of the petitioner with the debtor. The continuation of the petitioner to sell goods to the debtor on the same terms and conditions as at all times before and subsequent was sufficient to indicate that the petitioner had absolute confidence in the integrity of the debtor and its ability to eventually pay, and this confidence seems to have been warranted by the course of dealings with the debtor from 1917 up until 1930, during which time no claim was made that any money was ever lost as a result of dealings with the debtor.

The method of treating the accounts used by the petitioner, that is, charging off the account or setting up a reserve in proportion to the deficit of the debtor, and as the deficit was reduced or as income increased to include such amount as income, is not recognized by the statute.

A witness for the petitioner testified that " If they (the partnership) should happen to earn enough money at any one time to wipe it (the debt) out we would increase the income, we would consider the account worth one hundred cents on the dollar."

The evidence is also silent as to the financial responsibility of the members of the partnership aside from their interest in the partnership. So far as the record discloses they as individuals might have been well able to have paid the accounts at any time. In any event, the confidence of the petitioner in the debtors as shown by their continuation of the arrangement over the years indicates that it did not ascertain during the taxable years that their debts were worthless. This may have been the motive of the petitioner in not charging off the debts as bad during the taxable years as it did in the case of other debtors, and the reason a reserve was set up with respect to this particular account.

For the foregoing reasons we are of the opinion that the evidence does not show that the debts were ascertained to be worthless in part and charged off during the taxable years.

*An order will be entered dismissing the petition with respect to the fiscal years ended February 28, 1923, and February 28, 1924. With respect to the fiscal years ended February 28, 1921, and February 28, 1922, judgment will be entered under Rule 50.*