Estate of H. A. Rock, Deceased, Edward E. Edmiston, Administrator, D.B.N., and Helene L. Rock, Surviving Wife v. Commissioner.
Estate of H. Rock v. Commissioner
Docket No. 7299.
United States Tax Court
1946 Tax Ct. Memo LEXIS 239; 5 T.C.M. (CCH) 199; T.C.M. (RIA) 46067; March 19, 1946
Edward E. Edmiston, Esq., for the petitioners. W. W. Kerr, Esq., for the respondent. DISNEY
Memorandum Opinion DISNEY, Judge: The Commissioner determined a deficiency of $2,921.31 in income taxes for 1941 upon the joint return of H. A. Rock and Helene L. Rock, his wife. The questions involved are (1) whether Helene L. Rock is liable for the deficiency determined upon the joint return filed by herself and deceased husband, and (2) whether the Commissioner erred in disallowing a deduction of $4,500 claimed to be the amount of compensation paid by decedent for services rendered. [The Facts] Edward E. Edmiston is the administrator de bonis non of the estate of H. A. Rock, deceased. Helene L. Rock is the widow of such decedent and resides at Cleveland *240 Heights, Ohio. 1. Helene L. Rock is unemployed. She never was associated in business with her husband and had no understanding of his business affairs. She signed the 1941 joint income tax return filed with the collector at the request of her husband without any knowledge of its contents. In his notice of deficiency addressed to the Administrator of the Estate of H. A. Rock and Helene L. Rock, surviving wife, the Commissioner stated as follows: The return filed for 1941 was a joint return made by H. A. Rock and Helene L. Rock, husband and wife. H. A. Rock died August 7, 1942. You contend that you are not liable for the deficiency in income tax of $2,921.31 for the year 1941. It is held that inasmuch as H. A. Rock and Helene L. Rock elected to file a joint income tax return for the taxable year ended December 31, 1941, they are jointly and severally liable to the deficiency in income tax of $2,921.31 under the provisions of Section 51 (b) of the Internal Revenue Code. It is contended by petitioners that the "face of the return must govern in this case" and that Helene L. Rock is not liable for the deficiency. In support of their position it is argued on *241 brief, among other things, that of the net taxable income of $56,117.51 reported on the joint return only $921.22 was the income of the wife and that the aggregate tax on the face of the return was $24,493.68, of which the wife, although her income was slightly less than 2 per cent of the aggregate net income reported, has paid more than 50 per cent of the tax because of the death of her joint maker and the insolvency of his estate. The 1941 joint return is not in evidence and there is no evidence as to the amount of income or deductions of the wife reported therein. The evidence does show that a joint return was filed by decedent and his wife and she admits that she signed such return. [Opinion] Section 51 (b) of the Internal Revenue Code applicable to 1941 is as follows: (b) Husband and Wife. - In the case of a husband and wife living together the income of each (even though one has no gross income) may be included in a single return made by them jointly, in which case the tax shall be computed on the aggregate income, and the liability with respect to the tax shall be joint and several. * * * The statute requires that where the husband and wife *242 file a joint return the "tax shall be computed on the aggregate income, and the liability with respect to the tax shall be joint and several." It does not limit the liability of either husband or wife to the tax as shown on the face of the return but requires the "tax to be computed on the aggregate income." The aggregate income as determined is not necessarily the income shown by the return. Section 51 (b) prior to 1938 did not include the provision making the liability of a husband and wife filing a joint return with respect to the tax joint and several. Nevertheless, it was held in George W. Schoehut, 45 B.T.A. 812, on authority of Moore v. United States, 37 Fed. Supp. 136, Helvering v. Janney, 311 U.S. 189, and Taft v. Helvering, 311 U.S. 195, that the liability of spouses filing joint returns was joint and several and that decisions to the contrary holding that the liability of husband and wife should be determined in accordance with the net income of each would no longer be followed. This decision was followed in Halbert P. Gillette and Winifred Gillette, 46 B.T.A. 573, 578. In view of the express statutory provision *243 making the liability of husband and wife filing a joint return joint and several, and the above authorities, we hold that the Commissioner did not err in determining the deficiency against the petitioner, Helene L. Rock and the estate of her deceased husband, and that their liability is joint and several. [The Facts] 2. One B. J. Droz, who had known the decedent for about twelve years, worked as an engineer with decedent on a "lot of cases", but not as an employee. He had no arrangement with decedent as to the payment of any definite salary. On some cases decedent spent a "lot of money" without making any profit and on other cases profits were realized. Whatever was realized on projects on which decedent and Droz worked together was divided equally. Prior to 1941 and over a period of years, during a part of which time Droz was without employment, the decedent advanced moneys to Droz, of which advances Droz kept no record. As an acknowledgment of such advances Droz, about 1941, gave decedent his promissory note. Droz worked with decedent on a project for Diebold Safe and Lock Company which was settled in 1941. Droz testified that, prior to the time decedent received payment *244 from such company in 1941, the decedent, in reference to the above note, said to him: * * * Well, I didn't get my money but as far as it is concerned, just forget it. When I receive the money I will pay whatever you are entitled to. * * * I didn't have any money from Diebold, but as soon as I get the money, I might as well forget it. * * * You have some money coming from Diebold Lock and Safe Company and as soon as I get it you might as well forget the note. In determining the deficiency the Commissioner disallowed a deduction of $4,500 and in explanation of the adjustment stated as follows: In Item 16 of your 1941 income tax return you claimed a deduction of $4,500.00 as a bad debt. It is held that the amount is not an allowable deduction under the provisions of Section 23 (k) of the Internal Revenue Code. In the assignment of error in the petition it is alleged that the $4,500 "should have been allowed not as a bad debt but as a deductible charge on decedent H. A. Rock's income" in view of the fact that the $4,500 "represented earnings of B. J. Droz from decedent H. A. Rock, out of decedent H. A. Rock's income for the year 1941 from the Diebold Safe *245 and Lock Company, Canton, Ohio." On brief petitioners argue that Droz was either a partner or an employee of decedent and that the $4,500 paid by decedent in 1941 was reasonable compensation for the services rendered by Droz in the Diebold Safe and Lock Company deal. [Opinion] Whether petitioners are entitled to a deduction of an amount paid for compensation for personal services actually rendered as an ordinary and necessary expense in carrying on any trade or business is a question of fact and they have the burden of presenting facts showing that petitioners are entitled to a deduction of $4,500 as a reasonable allowance for compensation paid for personal services rendered under section 23 (a) (1) (A), Internal Revenue Code, i.e., they must show services rendered, payment (or accrual), and reasonable value of services. It is well established that when a taxpayer brings his case before this Court he proceeds by trial de nono. Phillips v. Commissioner, 283 U.S. 589; Wisconsin Butter & Cheese Co., 10 B.T.A. 852; E. J. Barry, 1 B.T.A. 156. The note purportedly given by Droz to Rock is not in evidence. The note is referred *246 to as the $4,500 note but whether the principal amount of the note or the amount due thereon was actually $4,500 was not brought out in the testimony of Droz. What the alleged services consisted of and what the reasonable value thereof was does not appear. Whether Droz actually owed the decedent $4,500 does not clearly appear for Droz testified: "that money I received was for years before [1941]. Nobody had any work at all. Mr. Rock really supported me for the time. I have never kept any account of that at all." As the witness testified that he was associated with Mr. Rock but was never employed by him, it appears, in the absence of other evidence, that services were never rendered by him for the decedent. Though suggestion is made on brief that to the extent of the $4,500 the income was not that of the decedent, but of Droz as an associate, the facts before us justify no conclusion to that effect. We know from the record only that the decedent reported for 1941 income of $56,117.51, but whether any of that amount came from any matter in which Droz had a part does not appear. The only connection suggested by the record between Droz and decedent in that year is the Diebold Safe and *247 Lock Company matter, and the record shows only that it was "settled" and that decedent said "as soon as I get it" Droz might as well forget the note. Whether payment was made in 1941 does not appear. On such a record we can not exclude $4,500 from decedent's income for 1941. If Droz was entitled to receive $4,500 or any amount as compensation for services rendered on the Diebold project or as a share of the profits realized in 1941 on that deal, he, being a witness, could have so stated. We can not infer, as petitioners suggest, that because the decedent realized from that project net income of $52,500 (which fact is not in evidence) that $4,500 was reasonable compensation for Droz. "We may not indulge in speculation to supply a shortage of evidence." Estate of A. Plumber Austin, 10 B.T.A. 1055, 1061. Upon the record made, petitioners have failed to show that decedent was entitled to deduct from gross income the amount of $4,500 as a reasonable allowance for compensation for personal services rendered, under section 23 (a) (1) (A), and, therefore, are not entitled to exclude that amount from income as belonging to Droz. Decision will be entered for the respondent.