REGINA GALLO, ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Gallo v. Commissioner
Docket Nos. 2618-75, 2621-75, 2624-75, 2625-75.
United States Tax Court
T.C. Memo 1975-366; 1975 Tax Ct. Memo LEXIS 7; 34 T.C.M. (CCH) 1578; T.C.M. (RIA) 75366; December 24, 1975, Filed Harvey R. Poe, for the petitioners. Gerald J. O'Tolle, for the respondent. FORRESTER
MEMORANDUM OPINION FORRESTER, Judge: In each of these four unconsolidated cases, respondent has determined deficiencies in earlier years and on the same *8 statutory deficiency notices has shown an overpayment in income tax for each petitioner's taxable year 1970. Respondent has now moved in each of these cases to strike the petitions and to dismiss for lack of jurisdiction as to taxable year 1970. The sole issue before us is whether we have jurisdiction over a year in which no deficiency has been determined. Sections 6214(b) and 6512(b) [2] provide the short answer. We have no jurisdiction over any taxable year in which the Commissioner of Internal Revenue has not first determined a deficiency. [3] The case law is uniform in so holding. E.g., Cornelius Cotton Mills,4 B.T.A. 255 (1926); W. H. Morefieldet al,4 B.T.A. 394 (1926); Opperman Coal Co.,6 B.T.A. 1215, 1221 (1927); Russell G. Finn et al,22 B.T.A. 799, 802 (1931). Petitioners seek to distinguish these cases by arguing that what they refer to as "respondent's determinations of overpayment" for 1970 are prohibited by the statute of limitations. Even if true, we fail to see how such a factor confers jurisdiction upon us. [4] The respondent did not determine a deficiency for 1970 in any of the four cases, and *9 consequently, we do not have jurisdiction in any of the four cases as to 1970. An appropriate order willbe entered.
Footnotes
1. Cases of the following petitioners were heard herewith: Mario Gallo (deceased) and Gloria Gallo, as Parent-guardian of Diane Marie Gallo, docket No. 2621-75; Diane Marie Gallo, docket No. 2624-75; and Mario Gallo (deceased) and Gloria Gallo, as Parent-guardian of Regina Gallo, docket No. 2625-75.↩
2. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954. ↩
3. As of September 3, 1975, a limited exception to this general rule exists for actions brought seeking a declaratory judgment with regard to the qualification of retirement plans. Sec. 7476. ↩
4. We note petitioners' argument that the statute of limitations has run as to 1970 so that, in the event respondent's position is sustained as to earlier years, petitioners will be unable to contest the amount of, or to collect, the 1970 overassessments which respondent has shown. We do not have that case before us here, but it does seem that sections 1311 et seq.↩ protect petitioners on both counts.