**CENTRAL IRON & STEEL CO. v. UNITED STATES.**

No. J–184.

Court of Claims.

March 5, 1934.

Ralph J. Baker, of Harrisburg, Pa. (Hause, Evans & Baker, of Harrisburg, Pa., on the brief), for plaintiff.

George H. Foster and James A. Cosgrove, both of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge. ·

This case again comes before the court on defendant's motion for a new trial, in which it is contended that the conclusion of law and judgment in favor of plaintiff, pursuant to the findings of fact and opinion of the court heretofore rendered on June 19, 1933 (4 F. Supp. 113), should be set aside, vacated, and the petition dismissed for the reasons that, first, the court is without jurisdiction because the Commissioner of Internal Revenue granted special assessment under section 210 of the Revenue Act of 1917 (40 Stat. 307); and, second, if the court has jurisdiction in a case of this character, the income and profits tax liability must be determined without regard to special assessment and on the basis of a determination of the statutory invested capital and net income; that such a determination, after allowing the interest deduction claimed of $306,168.01, would show an additional tax to be due in excess of·that shown on the return, instead of an overpayment.

Neither of these questions was presented when the case was first tried and submitted for decision on the basis of the issues (1) whether the claims for refund were sufficient, and (2) whether plaintiff was entitled to a deduction from gross income of interest paid by receivers in 1917. The overpayment claimed by plaintiff was not otherwise questioned, except to the extent of $14,351.58, with interest, based on plaintiff's claim for an excess profits credit of 9 per cent. instead of 7 per cent., as allowed by the Commissioner. This item, set forth in the petition as plaintiff's first cause of action, was resisted by the defendant on the ground that the court was without jurisdiction to consider it in view of the decision in Williamsport Wire Rope Co. v. United States, 277 U. S. 551, 48 S. Ct. 587, 72 L. Ed. 985, inasmuch as the Commissioner had granted special assessment and computed the profits tax under the provisions of section 210 of the Revenue Act of 1917 (40 Stat. 307). Plaintiff abandoned its claim on this item when the case was submitted, and it was not considered or allowed by the court.

The findings of fact heretofore made by the court disclose the facts with reference to the Commissioner's allowance of special as-

sessment and the computation of the profits tax under section 210. However, for the purpose of the questions now presented, finding 29 is amended by making a part thereof by reference the Commissioner's letter of December 27, 1922, and the computations thereto attached, Plaintiff's Exhibit 7, and the Commissioner's letter of March 12, 1925, and the computation thereto attached, Plaintiff's Exhibit 6. These letters set forth the Commissioner's determinations before the allowance of special assessment and the computation of the profits tax under section 210 of the Revenue Act of 1917. The consolidated invested capital of $3,049,401.56, set forth in schedule 6 of the letter of December 27, 1922, was increased by subsequent adjustments to $3,148,880.46. In addition to the aforementioned letters, the Commissioner's letter of April 9, 1926, together with the computations thereto attached, Plaintiff's Exhibit D, is also made a part of finding 29 by reference. This letter sets forth the Commissioner's final determination of the tax liability for 1917 after computation of the profits tax under section 210.

██ The question presented by the motion for a new trial relates to the jurisdiction of the court and may be raised at any time. Upon careful consideration thereof we are of opinion that the court is without jurisdiction in any case where the Commissioner has allowed special assessment and determined the tax under the special assessment section of the statute when the result of the court's decision, if in favor of the plaintiff on the question presented, would alter or abrogate the Commissioner's determination under the special assessment provision, or necessitate further consideration by the Commissioner for the purpose of determining whether the profits tax rate theretofore fixed under the relief provisions should be increased or decreased, or whether the decision of the court on the question concerning the correct income had removed the abnormality upon the basis of which special assessment had been allowed. While the last-mentioned feature would not be presented in a case like the one at bar, involving 1917, where the only ground for special assessment is the inability satisfactorily to determine invested capital, the principle is the same whether the case arises under the act of 1917 or 1918, for the reason that net income is one of the principal factors in determining the constructive invested capital and amount of the profits tax.

██ In Heiner v. Diamond Alkali Co., 288 U. S. 502, 53 S. Ct. 413, 415, 77 L. Ed. 921, the Commissioner of Internal Revenue allowed special assessment and determined the tax under section 328 of the Revenue Act of 1918 (40 Stat. 1093). The taxpayer thereafter brought suit in the District Court, contending that the Commissioner had allowed insufficient amortization and that the net income determined by him should be decreased and the resulting overpayment computed by using the profits tax rate determined by the Commissioner under section 328. The District Court held, 39 F.(2d) 645, that plaintiff was entitled to an increase in the deduction for amortization and computed the overpayment accordingly. On appeal to the Circuit Court of Appeals, the deduction allowed by the District Court was further increased, 60 F.(2d) 505. In the Supreme Court the government contended that the decisions of the District Court and the Circuit Court of Appeals amounted to an abrogation of the Commissioner's administrative discretionary findings in the making of a new finding as to the right of special assessment and a fresh computation of the tax upon the revised net income. The court held that the position taken by the government was correct and that the case of Williamsport Wire Rope Co. v. United States, supra, precluded revision, correction, or abrogation of the Commissioner's discretionary findings for the reason that "it is beyond the power of a court to usurp the Commissioner's function of finding that special assessment should be accorded, and equally so to substitute its discretion for his as to the factors to be used in computing the tax." The court further held that the special assessment section "grants the taxpayer the benefit of discretionary action by the Commissioner, and precludes judicial revision or alteration of the computation of the tax." When the taxpayer upon application obtains a determination of his tax under the special assessment provisions, he surrenders the right further to contest in court the correctness of the Commissioner's determination with respect to any of the factors necessary to his discretionary findings and the computation of the tax. The system provided by law for a judicial review of the Commissioner's actions in tax cases contemplates that the court shall render final judgment, and, since the court is without jurisdiction to substitute its decision for that of the Commissioner as to the factors to be used in computing the tax, it cannot proceed with a case as though special assessment had not been applied, and the court is likewise without jurisdiction to decide the question presented and remand the case to the Commissioner for further exercise of his discretionary powers to determine whether or not

the change in net income results in a greater or less profits tax.

The motion for a new trial is allowed, and the conclusion of law and judgment heretofore entered are vacated and set aside, and a conclusion of law and judgment dismissing the petition are this day entered. It is so ordered.

BOOTH, Chief Justice, and WHALEY, WILLIAMS, and GREEN, Judges, concur.