WATTS v. UNITED STATES.

No. 245.

Circuit Court of Appeals, Second Circuit.

Feb. 10, 1936.

Lamar Hardy, U. S. Atty., of New York City (Leon E. Spencer, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Samuel J. Rosensohn, of New York City, for appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above).

The result of this appeal depends upon the effect of section 1113 (a) of the Revenue Act of 1926, 44 Stat. 116, 26 U.S.C.A. §§ 1672–1673 note). The sole issue is whether the suit was brought within the time allowed under the above statute. It is clear that the suit is barred if the controlling date is December 8, 1928, when the claim was first disallowed in part; but plaintiff insists that the reopening and reconsideration of the claim on its merits made the date of disallowance that of the decision upon reconsideration which was well within the statutory limit. In so far as reference need be made to it here, the statute provides that: "No such suit or proceeding shall be begun * * * after the expiration of five years from the date of the payment of such tax, penalty, or sum, unless such suit or proceeding is begun within two years after the disallowance of the part of such claim to which such suit or proceeding relates."

In McKesson & Robbins v. Edwards, 57 F.(2d) 147, we had before us the effect upon the time for bringing suit of the action of the commissioner in reopening a refund claim after having rejected it. There, as here, there had been a reconsideration on the merits and not merely a determination as to whether or not to reconsider. We held that while the commissioner was reconsidering the claim was to be treated as sub judice; the limitation of the statute not beginning to run until the decision upon reconsideration.

That would dispose of this case but for treasury decision (T.D.No.4235, approved October 31, 1928), in which it was announced, inter alia, in respect to the effect of departmental action upon claims for refunds that: "Any claim which has been disallowed will be reconsidered and allowed, at any time prior to the expiration of the statute of limitations for bringing suit, if it clearly appears that the claim should be allowed on the merits. No reopening or application for reopening will extend the period within which suit must be brought, nor will a reconsideration of a claim be considered as a reopening."

In respect to that part of the above which indicates what will move the Bureau of Internal Revenue to correct a mistake we need not concern ourselves. With that part which purports to decide in advance the effect of its action upon the time for bringing suit when once it does consent to, and does, reopen and reconsider a decision on the merits, we must be concerned for that undertakes to define a term used in a statute which goes to the substance of the statutory meaning. Congress provided that suit might be brought at any time within two years after the disallowance of the part of a claim to which the suit related. The treasury decision would compel a claimant to sue, or refrain from so doing at his peril, within the same time whether a rejection was being reconsidered or not. There may be some advantage in administration to be so gained, though that is not altogether clear; but if, as it should be, the paramount purpose of a reconsideration of a claim on its merits is to arrive at a correct solution of the matter without resort to litigation, it would seem that that would often be defeated. Suits would be brought without waiting to secure a final decision which might make them unnecessary, since it would be unreasonable to expect a claimant to let his right to sue be lost while the Bureau was reviewing its own work to determine what its final decision would be. Moreover, it would be quite as unreasonable to require a claimant to sue before he knew whether there was any real need for a suit.

268

In either aspect T.D.No.4235 would be an unreasonable interpretation of the meaning of the statute, but its apparent purpose is not interpretation merely but the establishment of an arbitrary rule to the effect that the actual reconsideration of a decision disallowing a claim does not keep the whole matter in abeyance until there is a determination which shows in fact what action has finally been taken. This is but a statement that a reconsideration on the merits will not have the effect which it does have as a matter of law. That goes beyond the field of procedure in the enforcement of law as made by the legislative branch and construed by the courts and is only the indication of an opinion that the designated action will have the designated effect. Bowers v. West Virginia Pulp & Paper Co. (C.C.A.) 297 F. 225; United States v. United Verde Copper Co., 196 U.S. 207, 25 S.Ct. 222, 49 L.Ed. 449. Though Congress re-enacted the statute in 1932 after this treasury decision had been promulgated, that was also done after the effect of a reconsideration had been otherwise determined by two courts. McKesson & Robbins v. Edwards, supra; Mobile Drug Co. v. United States (D.C.) 39 F.(2d) 940. Thus the re-enactment cannot be taken as the acceptance of an established administrative construction.

It has been argued that because the claim reconsidered in the McKesson & Robbins Case was rejected first in 1925 while T.D.No.4235 was not approved and promulgated until 1928 that case is to be distinguished. The statute, however, remained the same. The argument merely begs the question, in that it presupposes that the treasury decision could change the meaning of the statute. The identical issue now before us was presented in American Safety Razor Corporation v. United States (Ct.Cl.) 6 F.Supp. 293, certiorari denied 293 U.S. 599, 55 S.Ct. 116, 79 L.Ed. 692, where it was held that a suit brought within two years after final action on the reconsideration of a decision upon a refund claim was timely notwithstanding T.D.No.4235 and with that we are in agreement.

The judgment entered included interest in an amount stated. Interest was to be allowed in accordance with section 615 of the Revenue Act of 1928, 45 Stat. 877 (28 U.S.C.A. § 284), amending Jud.Code § 177. The judgment should be so modified.

Reversed and remanded, with instructions to enter judgment for the plaintiff for the overpayment of $941.07 and interest as above.