## WESTERN WHEELED SCRAPER CO. v. UNITED STATES.

### No. 42396.

Court of Claims.
March 2, 1936.

John E. Hughes, of Chicago, Ill., for plaintiff.

George H. Foster, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and WHALEY, WILLIAMS, LITTLETON, and GREEN, Judges.

BOOTH, Chief Justice.

The plaintiff, an Illinois corporation, sues to recover a judgment for the sum of $8,819.73, with interest thereon, alleging a determined overpayment of its income and profits tax for the calendar year 1919.

The facts are conceded to be as follows: Plaintiff's tax return for 1919 was filed March 13, 1920, and the tax shown thereon was paid in four installments. On July 21, 1922, the Commissioner of Internal Revenue determined an overassessment in favor of plaintiff for 1919 and on March 15, 1924, determined a second overassessment for this same year. The overpayments resulting therefrom were either paid or credited to plaintiff in due course.

December 17, 1924, the plaintiff filed an informal claim for refund of $10,748.08 of its 1919 tax. This refund claim contained the following statement: "No exception is taken to any previous adjustments or assessments other than those of depreciation and consequent reduction of invested capital." On October 15, 1927, what is alleged to be a formal refund claim was filed with the collector for plaintiff's district, in which a statement appears that this claim was one perfecting the previous informal one, and, in addition to the error assigned therein, plaintiff states its income for 1919 should have been reduced "by accrued pay roll as at December 31, 1919," of $31,499.12.

March 26, 1928, plaintiff again filed with the collector its final alleged perfecting refund claim for an overpayment of its 1919 tax, including a statement therein that the "taxpayer also incorporates herein all the stipulations in said case [Board of Tax Appeals Docket No. 12001, 14 B.T.A. 496] affecting its tax for 1919, which were made at the bar upon the trial of the 1920 case."

The stipulations made by counsel for the taxpayer and respondent at the hearing before the Board of Tax Appeals as to plaintiff's tax liability for the year 1920, form the basis for this suit. Plaintiff appealed to the Board from a deficiency assessment for the year 1920, and the stipulation relied upon is as follows:

"It is stipulated that the taxpayer's closing inventory for 1919 was overstated in the amount of $31,499.12, and that the taxpayer's closing inventory for 1920 was overstated in the amount of $43,892.23, leaving, by reason of an assignment of error in the petition as to wages, a net overstatement of 1920 inventory in the sum of $12,393.11."

November 28, 1928, the Board entered a judgment in plaintiff's favor, under rule 50, and manifestly the sum of the over-

764

payment allowed was dependent upon a re-determination of plaintiff's tax liability for 1920. The Commissioner submitted to the Board his detailed computation of plaintiff's 1920 tax pursuant to the Board's order, and contained therein was the following:

"1919 income tax prorated, 60-day letter. As corrected $154,652.13."

The Board on January 29, 1929, awarded plaintiff a judgment for $57,894.07 overpayment of 1920 taxes, arrived at in part by allowing a net overstatement of $12,-393.11 in plaintiff's inventory for 1920 (14 B.T.A. 496).

March 31, 1931, the Commissioner issued a certificate of overassessment of plaintiff's 1919 tax in the sum of $39,122.44, and determined plaintiff's correct tax liability for 1919 as $163,471.88. Proper refund was made in accord with the Commissioner's computation. This suit challenges the correctness of the computation and plaintiff now contends for an additional refund of the difference between $163,-471.88, the amount of the 1919 tax determined by the Commissioner, and the sum of $154,652,13 stipulated by him to be the correct tax for 1919 in the proceedings before the Board. The sum claimed is $8,819.73 and interest thereon.

Plaintiff insists that the stipulation entered into between the parties at the hearing before the Board, involving its 1920 tax liability, in conjunction with the Commissioner's computation of its 1919 tax liability under rule 50, fixes its tax liability for that year under the rule of res adjudicata. If the contention is sound, the controversy is at an end and the plaintiff is entitled to a judgment if its refund claims were timely filed and otherwise sufficient in law. The facts as found, and as to which there is no controversy, establish that the Board of Tax Appeals' judgment with respect to plaintiff's 1920 tax was in part predicated upon the stipulation involved, and not upon any exhibit of a detailed computation with respect to inventory items, and we have no proof as to plaintiff's 1919 tax except the documents mentioned. We do have proof of the Commissioner's certificate of overassessment for 1919 and his determination of plaintiff's tax liability for that year.

Section 272(g) of the Revenue Act of 1928, 26 U.S.C.A. § 272(g) and note, provides with respect to the Board's jurisdiction in this type of cases, as follows:

"The Board in redetermining a deficiency in respect of any taxable year shall consider such facts with relation to the taxes for other taxable years as may be necessary correctly to redetermine the amount of such deficiency, but in so doing *shall have no jurisdiction* to determine whether or not the tax for any other taxable year has been overpaid or underpaid." (Italics inserted.)

In the Cornelius Cotton Mills Case, 4 B.T.A. 255, 256, the Board in considering section 274(g) of the Revenue Act of 1926 (26 U.S.C.A. § 272(g) and note), a section precisely similar to section 272(g) of the 1928 act (26 U.S.C.A. § 272(g) and note), said:

"Apparently each taxable year must stand upon its own feet, so far as the jurisdiction of the Board is concerned, and the question, whether there has been an overpayment in some year for which a deficiency has not been determined which should be allowed as a credit, is one over which the Board has no jurisdiction. This is now a matter of adjustment to be made by the Commissioner or by the collector, or it may be made the subject of a suit for refund."

Obviously, without the section quoted above the Board of necessity in cases similar to the instant one would have to consider the features of plaintiff's tax liability for 1919 herein involved to ascertain its 1920 liability. Congress, however, while recognizing this necessity, withholds jurisdiction from the Board to determine any other tax liability except for the year in controversy, and expressly excludes, we think, the application of the rule of res adjudicata as herein claimed. Of course, if the Board had jurisdiction to adjudicate the issue herein, the sum claimed in this suit would have been included in its judgment.

It is not our purpose to minimize the legal significance of a stipulation nor comment upon its binding effect where it is material to the issue. In this case it is sufficient to state that the parties are contesting an issue of fact and law, and while willing, for the purposes of the case involving the 1920 tax, to stipulate certain facts as to the 1919 closing inventory values in order to reach a conclusion of that case without other proof of the same, consent to do likewise in this case is absent, and we are confronted with the proposition that the stipulation in the 1920

case supplies the requisite proof upon which we may determine the overpayment for 1919, it being conceded that we have no other evidence in the record to sustain plaintiff's contention.

■ The vital issue, granting without deciding additional contentions of plaintiff, is one of proof. Many precedents—too many to cite—place the burden of proving the overpayment upon the plaintiff, and it may not be asserted that plaintiff's tax liability for 1919 was judicially determined in the Board of Tax Appeals case, supra, for the Board was without statutory jurisdiction to so determine.

If the stipulation introduced and the computation of the Commissioner under rule 50 submitted to the Board in the 1920 case establish without any other proof the fact of the overpayment claimed, then this court is precluded from knowing or investigating the financial status of the plaintiff in 1919 and from its business transactions ascertain whether an overpayment of taxes for that year obtains. What we have before us is a matter of detailed transactions from which to apply the provisions of the revenue laws, not in contravention of what the Board of Tax Appeals decided the law to be, but in harmony with its decision as to the law.

■ The computation furnished the Board by the Commissioner under rule 50 was advisory. The Board was not legally obligated to accept this computation as correct, and according it the weight it may be entitled to in this case we assuredly must be convinced by proofs that the same was correct not only as a computation based upon a stipulation of facts, but the facts which induced the stipulation upon which it was based form a subject-matter for our examination, and without them we are not bound by an agreement with respect thereto. This record furnishes no means by which we may determine the correctness of either the stipulation or computation relied upon by plaintiff as to its 1919 tax.

What has been said is in harmony with the principle announced in Helvering v. Taylor, 293 U.S. 507, 55 S.Ct. 287, 79 L.Ed. 623, so far as applicable to this case. Plaintiff herein is seeking to establish its case by certain stipulated facts and a computation presented in an effort to recover an overpayment of its 1920 taxes, a stipulation it is true which was a concession upon the part of the plaintiff in the 1920 litigation; nevertheless, in the adjudication of its 1919 tax liability this court cannot render a judgment without proof of the accuracy of the evidence relied upon and the pertinent facts essential to establish the actual fact of an overpayment. In this case we have no such proof. In the case just cited the production of proof of claim was not dispensed with. Defendant has not challenged as to this issue plaintiff's right to recover, except upon the grounds of absence of sufficient facts to establish liability.

Plaintiff insists that under the law the stipulation and computation of the Commissioner in the 1920 Board of Tax Appeals case establish for it a prima facie case and the burden of proof shifts to the defendant to establish error therein, and that in the absence of such proof judgment for the sum claimed must be awarded.

The only evidence we have upon which to establish plaintiff's so-called prima facie case is an admission by the plaintiff itself in a case in another tribunal and for another year that it overstated its closing inventory for 1919 in the amount of $31,499.12, and that the Commissioner relying upon this admission furnished the Board of Tax Appeals a computation as to plaintiff's 1919 tax liability in part, predicated upon said admissions.

■ As against this proof we have the Commissioner's March 31, 1931, certificate of overassessment for 1919 in the amount of $39,122.44 showing plaintiff's corrected tax liability for that year to be $163,471.88. Assuredly the Commissioner possessed the authority to audit plaintiff's tax liability for 1919 as he did, and the fact that a previous computation based upon admissions made in a suit involving a deficiency for 1920 is contrary thereto does not relieve the plaintiff in a suit to recover an overpayment for another year from proving an overpayment in fact when as here the tribunal considering the case in which the admissions were made is without jurisdiction to do more than determine the tax liability for the specific year involved.

The defendant contests the timeliness of the refund claims of October 15, 1927, and March 26, 1928, resting the argument upon the fact that the informal claim of December 17, 1924, was the only one filed within five years of the plaintiff's tax return for 1919 and within four years of the payment of the tax, and is thereby at present out of time.

The plaintiff contends that the refund claims filed subsequent to December 17, 1924, were amendatory and perfecting ones and, having been filed previous to the Commissioner's rejection of any claim, are timely.

Defendant, in answering the argument insists that the alleged informal claim of December 17, 1924, was not only upon a definitely expressed basis of a right to a refund, but also expressly excluded a right upon any different one, and the additional claims do assert a claim upon a different basis. We do not think, in view of the opinion of the court upon the issue of proof, that it is necessary to pass upon the contentions of the parties with respect to this matter. Whatever may be our opinion with respect thereto it is manifest, we think, that plaintiff's petition must be dismissed. It is so ordered.