**CUBAN-AMERICAN SUGAR CO., Inc., v.
UNITED STATES.**

No. 43206.

Court of Claims.

May 1, 1939.

David A. Buckley, Jr., of Washington, D. C. (Harvey L. Rabbitt, Arthur L. Quinn, and Loring M. Black, all of Washington, D. C., on the brief), for plaintiff.

J. W. Hussey, of Washington, D. C., and James W. Morris, Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

Upon the facts disclosed by the record it is clear that the plea in bar must be sustained and the petition dismissed. Plaintiff made application for the determination and computation of its profits tax for 1917 under the special assessment provisions of section 210 of the Revenue Act of 1917. The Commissioner allowed the application, computed the tax accordingly, and made a final determination in respect of that year. Thereafter, in 1927, plaintiff filed a claim for refund which, so far as it was rejected, related entirely to the matter of special assessment and the selection of comparatives used in determining the profits tax for 1917; that claim was formally rejected by the Commissioner on a rejection schedule signed and issued March 15, 1933. Plaintiff endeavors to make some point of the fact that it had filed a claim for refund on January 8, 1920, which had never been formally rejected. But that claim for refund was filed with the amended return before the decision of the Commissioner on special assessment and in connection with certain claims in abatement which were then pending. The final decision of the Commissioner on plaintiff's application for special assessment effectively and completely disposed of and denied that claim for refund and the abatement claim. United States v. Bertelsen & Petersen Engineering Co., 59 S.Ct. 541, 83 L.Ed. ——, decided February 27, 1939. In any event, the refund claim of January 8, 1920, was not such a claim as would be susceptible of amendment by the claim filed April 4, 1933, upon which this suit is based. United States v. Andrews, 302 U.S. 517, 58 S.Ct. 315, 82 L.Ed. 398. In addition, plaintiff also contends that before the Commissioner on March 15, 1933, formally rejected the refund claim of December 23, 1927, it had pending in the Bureau a protest against previous notices of the Commissioner that no change in the comparatives used for 1917 was justified or would be made, and that the claim for refund on that ground would be rejected; and, in addition, a representative of plaintiff had on March 18, 1930, written a letter addressed to the Commissioner purporting to confirm a conversation of that date with a Mr. Mancil of the Income Tax Unit that further conferences and consideration in connection with the protest against the action on the 1927 claim for refund for 1917 would be postponed until disposition of the question of special assessment with reference to the years 1918, 1919, and 1920, then pending before the Board. The Commissioner never agreed to or acknowledged the purported arrangement between the plaintiff and the employee of the Income Tax Unit. The Commissioner's official action rejecting the 1927 claim for refund on March 15, 1933, was an effective and final disposition thereof and of all protests previously made or then pending before the Bureau. Even if the refund claim of 1927, which related entirely to the comparatives selected by the Commissioner in the determination of the profits tax under the special assessment provisions of the 1917 Act, was susceptible of amendment by the refund claim of April 4, 1933, based entirely upon a claim for computation of the profits tax for 1917 on the basis of a statutory invested capital, the attempted amendment came too late. A claim for refund cannot be amended after it has been rejected. Sugar Land Railway Co. v. United States, 48 F. 2d 973, 71 Ct.Cl. 628. For these reasons this suit cannot be maintained upon the claim for refund of April 4, 1933, even if plaintiff could otherwise maintain the suit

upon the ground set forth in the petition, namely, that its profits tax for 1917 should be determined on the basis of statutory invested capital.

■ Inasmuch as the suit is one to overturn the final decision of the Commissioner of Internal Revenue determining and computing the profits tax for 1917, under the special assessment provisions of the Revenue Act of 1917, it is clear from the decided cases that this court is without jurisdiction. Heiner v. Diamond Alkali Co., 288 U.S. 502, 53 S.Ct. 413, 77 L.Ed. 921; Welch v. Obispo Oil Co., 301 U.S. 190, 57 S.Ct. 684, 81 L.Ed. 1033; Central Iron & Steel Co. v. United States, 4 F.Supp. 113, 6 F.Supp. 115, 79 Ct.Cl. 56; Bradford & Co. v. United States, 6 F.Supp. 117, 79 Ct. Cl. 89; Michigan Iron & Land Co. v. United States, 10 F.Supp. 563, 81 Ct.Cl. 330; Roby-Somers Coal Co. v. Routzahn,

6 Cir., 100 F.2d 228. The fact that the Commissioner in determining plaintiff's tax liability for the years 1918 to 1920, inclusive, denied special assessment and later, in order to adjust and settle all controversies pending before the Board of Tax Appeals in respect to those years, included in invested capital for those years an additional lump sum of $11,000,000 did not change or destroy the conclusive character of his final decision and determination with respect to the year 1917 nor does the action taken with respect to the subsequent years constitute conclusive proof as to 1917, or confer upon this court jurisdiction to inquire into, modify, or change the final determination and computation of the tax for 1917. Compare Western Wheeled Scraper Co. v. United States, 13 F.Supp. 762, 82 Ct.Cl. 646. The petition must be dismissed, and it is so ordered.