### JOSEPH REID GAS ENGINE CO. v. LEWELLYN, Former Collector of Internal Revenue.

### SAME v. HEINER, Collector of Internal Revenue.

#### Nos. 6321, 6322.

District Court, W. D. Pennsylvania.

Jan. 27, 1942.

Sachs & Caplan, of Pittsburgh, Pa., for plaintiffs.

Chas. F. Uhl, U. S. Atty., and Elliott W. Finkel, Asst. U. S. Atty., both of Pittsburgh, Pa., S. O. Clark, Jr., Asst. Atty. Gen., and Andrew D. Sharpe and Clarence E. Dawson, Sp. Assts. to Atty. Gen. for the United States.

SCHOONMAKER, Judge.

These two actions are for the recovery of taxes paid by plaintiff which are alleged to have been illegally assessed against it.

The defendant in each case has moved for summary judgment in his favor. These motions are accompanied by a supporting affidavit and opposed by an affidavit filed by plaintiff. These motions are based on the ground that the complaint in each case fails to state a cause of action on which relief can be granted, in that no sufficient claims for refund have been filed by the plaintiff with the Commissioner of Revenue for any year or amount involved in these suits within the applicable statutory period of limitations for filing claims for refund of taxes paid.

The plaintiff takes the position that these motions can be granted only if they are sustained by the undisputed facts appearing in the pleadings. That is not our understanding of the proceedings under Rule 56(c) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which provides as to summary judgments:

"The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

We therefore conclude we may consider not only the pleadings, but also the supporting and opposing affidavits submitted in connection with the motions for summary judgment.

The applicable statutes and regulations are:

(1) Section 284(c) of the Revenue Act of 1926, c. 27, 44 Stat. 9 (26 U.S.C.A. Int. Rev.Acts, page 220).

(2) Section 1113(a) of the Revenue Act of 1926, 26 U.S.C.A. Int.Rev.Acts, page 324.

By these statutes, there are these prerequisites for the recovery of overpayment of taxes: (1) the filing of a claim for refund within four years from the time the tax was paid; and (2) The institution of suit within five years from the date of the payment of tax, unless such suit was begun within two years after the disallowance of the claim for refund.

Treasury Regulations, in Article 1304 of Regulation 69, provide that claims for refund by taxpayers shall be made on Form 843, and that "all facts relied upon in support of the claim shall be clearly set forth in detail under oath."

The suit at No. 6321 was filed July 3, 1930, and involves taxes paid for the years 1917, 1919, and the first two installments of tax for the year 1920.

The facts bearing on the question of whether or not this action is barred by the statutes of limitations, are as follows:

For the year 1917 the plaintiff filed its return on April 1, 1918, reporting a tax of $36,963 which was paid June 15, 1918. On February 28, 1923, plaintiff filed a general claim for refund alleging the Revenue Act and Regulations were not in accordance with the Sixteenth Amendment and were void. Plaintiff was notified in a letter dated July 3, 1923, that this claim would be rejected, and the claim was rejected on Schedule No. 1761 dated August 29, 1923. No facts were submitted in support of the original claim, and another claim for refund was not filed until March 14, 1928. The allegations in this claim were also general and no facts were submitted in support thereof. In a letter dated July 6, 1928, plaintiff was advised that the latter claim would be rejected for the reason that the claim was barred when filed under the provisions of Section 284 of the 1926 Act, and the claim was rejected on Schedule No. 12768 dated August 24, 1928.

For the year 1919 plaintiff filed a tentative return on March 15, 1920, reporting a tax of $52,000, and on March 17, 1920, paid the sum of $12,878. Plaintiff's final return was filed July 15, 1920, reporting a tax of $51,942.61. This tax was paid in instalments on June 16, September 15, and December 17, 1920. No claim for refund was filed until March 14, 1928, and in a letter dated July 6, 1928, plaintiff was advised that this claim was barred under the provisions of Section 284 of the 1926 Act at the time it was filed. The claim was rejected on Schedule No. 12768 dated August 24, 1928.

For the year 1920 plaintiff filed a return on March 15, 1921, reporting a tax of $67,054. On March 22, 1921, plaintiff paid the sum of $16,736.50, and the balance of the tax was paid in instalments on June 15, September 19, and December 16, 1921. Only the first two instalments of $16,736.50, each paid on March 22 and June 15, 1921 were paid to the defendant Lewellyn.

On June 14, 1922, plaintiff filed an amended return for this year; and in May, 1925, additional tax of $2,807 was assessed against the plaintiff and was paid by the plaintiff June 1, 1925. Plaintiff agreed to the assessment and collection of this additional tax. Prior to the assessment of the additional tax, at the time the amended return was filed on June 14, 1922, plaintiff filed a general claim for refund of the sum of $734.95. In a letter dated March 28, 1925, plaintiff was notified that this claim would be rejected, and the claim was rejected on Schedule No. 3655 dated June 2, 1925. On March 14, 1928, plaintiff filed another refund claim for $49,500 containing only general allegations without any facts to support the grounds of the claim; and in a letter dated July 6, 1928, plaintiff was advised the claim would be rejected because the allegations were too general and no facts were submitted to support them. The claim was rejected on Schedule No. 12768 dated August 24, 1928.

The suit at No. 6322 was also filed July 3, 1930, and involved taxes paid for the years 1918, 1920; 1922 to 1926 inclusive.

The facts bearing on the question of whether or not this action is barred by the statutes of limitation, are as follows:

For the year 1918 plaintiff filed a return on June 16, 1919, reporting no tax due. In a letter dated April 12, 1921, plaintiff was advised of tax due in the amount of $59,-

967.56 which was assessed on the June 1921 Assessment List and paid by the plaintiff on August 27, 1921, partly in cash and partly by credit. No refund claim was filed until March 14, 1928. In a letter dated July 6, 1928, plaintiff was advised this claim was barred by the statute of limitations under the provisions of Section 284 of the Revenue Act of 1926, and the claim was rejected on Schedule No. 12768 dated August 24, 1928.

For the year 1922 plaintiff filed its return on March 15, 1923, reporting a tax due of $18,361.04. This tax was paid in instalments on March 15, June 15, September 14, and December 15, 1923. On the Assessment List of October 1926, additional tax was assessed in the amount of $1,461.07, which was paid December 6, 1926. Plaintiff agreed to the assessment and collection of this additional tax. No refund claim was filed by the plaintiff until March 14, 1928, when a claim for $18,361.04 was filed containing merely general allegations without any facts in support thereof. In a letter dated May 17, 1928, plaintiff was notified that its claim for this year would be rejected under the authority of Article 1304 of Regulations 69, because insufficient information was submitted by the plaintiff. The claim was rejected on Schedule No. 12232, dated June 7, 1928.

The allegations in this claim were as follows:

That the amount included as gross sales is over-estimated in the sum of $500,000.

That the inventory at the beginning of the year is understated in the sum of $200,000 and that the inventory at the end of the year is overstated in the sum of $200,000.

That the cost of manufacturing is understated in the sum of $500,000.

That the deductions allowed for expenses are understated in the sum of $100,000.

That the depreciation deduction allowed is understated in the sum of $100,000, due to its not having been based upon the cost or the fair market value of the properties at March 1, 1913, due to the insufficiency of the depreciation rate employed.

That the statutory net loss for 1921 applied as a deduction for the year 1922 is understated in the sum of $200,000.

There are other errors in the determination of the taxpayer's net income which should be corrected and refund made of the taxes paid as a result thereof.

This claim is filed to prevent the running of the statute of limitations.

No facts were submitted in support of these allegations in accordance with the requirements of Section 1113(a) of the Revenue Act of 1926 and Article 1304 of Regulations 69.

For the year 1923 plaintiff filed a return on June 14, 1924, reporting a tax due of $39,901.17. This tax was paid in instalments on March 20, June 17, September 16, and December 16, 1924. Additional tax of $707.75 was assessed in October 1926, and paid in December, 1926. Plaintiff agreed to the assessment and collection of this additional tax. No refund claim was filed until March 14, 1928, when plaintiff filed a claim for $39,901.17. The allegations in this claim were identical with the allegations in the claim for 1922, except that plaintiff omitted the reference to a statutory net loss appearing in the 1922 claim. In a letter dated May 17, 1928, plaintiff was notified its claim would be rejected because the information was insufficient under the provisions of Article 1304 of Regulations 69; and the claim was rejected on Schedule No. 12232 dated June 6, 1928. This suit was filed July 3, 1930, more than two years after rejection of the claim and more than five years after payment of all taxes except the additional taxes of $707.75 paid in December 1926.

For the year 1924, plaintiff filed its return on March 16, 1925, reporting a tax due of $11,771.19. Of this amount $2,942.80 was paid on March 23, 1925, and the balance paid in instalments on June 15, September 15, and December 15, 1925. On October 8, 1927, additional tax of $754.34 was assessed and paid by the plaintiff on October 21, 1927. Plaintiff agreed to the assessment and collection of this additional tax. On March 14, 1928, plaintiff filed a claim for refund of $11,771.19 containing the identical grounds set forth in its claim for the year 1922. The Bureau of Internal Revenue notified the plaintiff the claim would be rejected, because the allegations were unsubstantiated and the claim was rejected on Schedule No. 11918 dated April 24, 1928. This suit was filed July 3, 1930.

For the year 1925, plaintiff filed a return on March 15, 1926, reporting a tax due of $20,957.22. On the same date plaintiff paid $5,029.73, and paid the balance in instalments on June 15, September 15, and December 15, 1926. Additional tax of $38.43 was assessed in October 1927, and paid Oc-

tober 21, 1927. Plaintiff agreed to the assessment and collection of this additional tax. On March 14, 1928, plaintiff filed a claim for refund for $20,952.50 which contained the same general grounds set forth in its claim for the year 1922. Plaintiff was notified the claim would be rejected as unsubstantiated, and the claim was rejected on Schedule No. 11918 dated April 24, 1928. This suit was filed July 3, 1930.

For the year 1926, plaintiff filed a return on March 15, 1927, reporting a tax due of $16,887.27. On March 17, 1927, plaintiff paid $4,221.82, and the balance was paid in instalments on June 15, September 15, and December 15, 1927. Additional tax of $12.55 was assessed in April 1928, and paid April 23, 1928. Plaintiff agreed to the assessment and collection of this additional tax. On March 14, 1928, plaintiff filed a claim for the refund of $16,887.27, containing the same general grounds set forth in its other claim for 1922. Plaintiff was notified its claim would be rejected in a letter dated August 13, 1928, because plaintiff signed an agreement consenting to the assessment and collection of additional tax subsequent to the date the claim was filed. The claim was rejected on Schedule No. 12881 dated September 7, 1928.

In addition, we find that so far as concerns the refund claims for the year 1917 to the year 1923 inclusive, involved in these two suits, the plaintiff, on January 30, 1929, filed with the Commissioner of Internal Revenue a petition for the re-opening of these refund claims, which petition was denied by the Commissioner on January 8, 1930.

On these facts we are of the opinion that suit No. 6321 should be dismissed, because no timely sufficient claim for refund was filed for any year or amount involved in this suit; and that suit No. 6322 should likewise be dismissed, because the refund claims filed were insufficient to constitute valid claims within the meaning of Section 1113(a) of the Revenue Act of 1926, and Article 1304 of the Treasury Regulations 69; and further, as to the years 1925 and 1926, no cause of action is stated on which relief can be granted.

We first consider plaintiff's petition to re-open its tax-refund claims for the years 1917 to 1923 inclusive, which was filed January 30, 1929, and denied January 30, 1930. It is the contention of plaintiff that this later date is the date of denial of its refund claims for these years. With this contention we cannot agree. It is our opinion that the mere filing of a petition to re-open a tax-refund claim will not toll the running of the statute. Had the Commissioner granted the petition to re-open, and after further hearing and considering the refund claims on their merits, rejected them, the date of that rejection would have been the date from which to compute the time in which plaintiff could sue. The cases of American Safety Razor Co. v. United States, Ct.Cl., 6 F.Supp. 293; Watts v. United States, 2 Cir., 82 F.2d 266 (cited by the plaintiff), are not in point, because the Commissioner granted the petition to re-open, and heard those cases on their merits. That is not the situation here, where the Commissioner merely denied the petition to re-open.

The plaintiff contends it was entitled to have granted its petition to re-open its refund claims for the years 1917 to 1924, by reason of the provisions of Treasury Decision 4235 with reference to the re-opening of refund claims. We cannot see the decision applies to the facts of this case at all. The Treasury decision applies only to "claims disallowed prior to May 29, 1928, in which the period of limitations for bringing suit has expired." None of the claims here in controversy is within that category.

We next consider the necessity and sufficiency of the claims for refund which were filed in the instant case. Under Section 1113(a) of the Revenue Act of 1926, it is provided: "No suit or proceeding shall be maintained in any court for the recovery of any internal-revenue tax * * * until a claim for refund or credit has been duly filed with the Commissioner of Internal Revenue, according to the provisions of law in that regard, and the regulations of the Secretary of the Treasury established in pursuance thereof. * * *"

Article 1304 of Regulations 69 adopted by the Secretary of the Treasury pursuant to Section 3226 of the Revenue Act, provides: "Article 1304. Claims for Refund by Taxpayers. Claims by the taxpayer for the refunding of taxes, interest, penalties. and additions to tax erroneously or illegally collected shall be made on Form 843. All facts relied upon in support of the claim should be clearly set forth in detail under oath."

The plaintiff in the instant case did file the refund claims under oath, using Form 843, but they were general in their

statements. No facts were submitted in support of the claims, and it would be impossible to tell from the grounds stated, what adjustments the taxpayer wanted. In our opinion, none of the claims filed met the requirements of this statute and regulations. The only basis on which the United States can be sued for the recovery of taxes, is the basis asserted by the taxpayer in his claim for refund. See Rock Island, Arkansas & Louisiana R. Co. v. United States, 254 U.S. 141, 41 S.Ct. 55, 65 L.Ed. 188; United States v. Real Estate-Land Title Trust Co., 3 Cir., 102 F.2d 582, affirmed 309 U.S. 13, 60 S.Ct. 371, 84 L.Ed. 542; United States v. Felt & Tarrant Mfg. Co., 283 U.S. 269, 51 S.Ct. 376, 75 L.Ed. 1025.

■ There was no motion to amend any of the claims on which these suits were predicated; and even if we were to hold the plaintiff's petition to re-open some of the refund claims involved in these suits to be in the nature of a motion to amend the claims, it would not avail the plaintiff, for the reason that a claim for refund cannot be amended after it has been rejected. See United States v. Memphis Oil Co., 288 U. S. 62, 53 S.Ct. 278, 77 L.Ed. 619; Sugar Land Railway Co. v. United States, Ct.Cl., 48 F.2d 973; Cuban-American Sugar Co. v. United States, D.C., 27 F.Supp. 307, certiorari denied April 1, 1940, 309 U.S. 681, 60 S.Ct. 721, 84 L.Ed. 1025; United States v. Andrews, 302 U.S. 517, 58 S.Ct. 315, 82 L.Ed. 398; United States v. Garbutt Oil Co., 302 U.S. 528, 533, 58 S.Ct. 320, 82 L. Ed. 405.

In January, 1929, when plaintiff filed its petition to re-open the refund claims, it still had time in which to file claims for refund of all taxes paid for the years 1924 to 1926 inclusive, but did not do so.

In addition to that, it might be noted that plaintiff's tax returns for the years 1920 to 1926 inclusive, were reviewed, and that the plaintiff consented to the assessment of additional taxes.

Our conclusion is that the refund claims were wholly insufficient to apprise the Commissioner of the basis on which a refund was claimed, and that the Commissioner's action in rejecting them for each year was fully justified under the facts and circumstances of these cases.

■ We also conclude that the complaint fails to state a cause of action for the years 1925 and 1926. As to these years it sets forth only the dates on which the returns were filed, the dates and amount of taxes paid; the general allegations that the amounts paid in those two years were overpayments; that waivers were filed for 1925 and 1926; that claims for refund were filed; and that these overpayments were erroneous, illegal and void. This we do not regard as sufficient, in view of the fact that the plaintiff alleges no facts which show that taxes paid for these two years were not due and owing. The complaint on page 4 does show plaintiff's sales for the years 1917 to 1924 inclusive, but nothing is said about 1925 and 1926. Page 5 of the complaint shows depreciation of patents for the years 1917 to 1924 inclusive, but nothing is said about such depreciation, if any, for the years 1925 and 1926. On page 6 of the complaint, the statement of depreciation allowed does not refer to the years 1925 and 1926; and the complaint sets forth no value on which depreciation could be allowed for these years. We therefore consider the complaint fails to state any cause of action for the years 1925 and 1926.

■ The plaintiff further contends that the statute of limitations does not apply to its claims for the years 1917 to 1920 inclusive, by reason of the provisions of Sections 281(c) of the Revenue Act of 1924, 26 U.S.C.A. Int.Rev.Acts, page 62, and 284(c) of the Revenue Act of 1926, 26 U. S.C.A. Int.Rev.Acts, page 220 which reads as follows: "(c) If the invested capital of a taxpayer is decreased by the Commissioner, and such decrease is due to the fact that the taxpayer failed to take adequate deductions in previous years, with the result that there has been an overpayment of income, war-profits, or excess-profits taxes in any previous year or years, then the amount of such overpayment shall be credited or refunded, without the filing of a claim therefor, notwithstanding the period of limitation provided for in subdivision (b) or (g) has expired."

The plaintiff, however, does not plead any facts that make the provisions of this statute applicable, in that there is no allegation the Commissioner has decreased the invested capital of plaintiff for any of those years. Therefore, this statute is not applicable to the facts of this case. This view is supported by Denver Rock Drill Mfg. Co. v. United States, Ct.Cl., 59 F.2d 834, certorari denied 287 U.S. 651, 53 S.Ct. 115, 77 L.Ed. 563; Southwestern Oil & Gas Co. v. United States, D.C., 29 F.2d 404, affirm-

ed, 3 Cir., 34 F.2d 446, certiorari denied 280 U.S. 601, 50 S.Ct. 82, 74 L.Ed. 646.

Our conclusion is that the defendant is entitled to summary judgment in its favor for the dismissal of the complaint in each of the two cases here involved. An order may be submitted accordingly on notice to opposing counsel.